BORDEN, Administrator, etc., Respondent, vs. BORDEN, imp., Appellant.

*May 2 — June 1, 1885.*

*(1) Service of summons when party refuses to accept copy. (2) Husband and wife: Evidence.*

1. When a defendant refuses to accept a copy of a summons, which is offered to him in a civil and proper manner, after being informed what the paper is, service may be made by depositing the process in some appropriate place in the presence of the party, or where it will be most likely to come to his possession.
2. The affidavit of the wife of a defendant as to the circumstances of an attempt to serve a summons upon him, is inadmissible upon a motion to set aside a judgment by default.

APPEAL from the Circuit Court for *La Fayette* County. The appeal is by the defendant *Philo Borden* from an order refusing to set aside a judgment by default, and also from the judgment itself. The facts will sufficiently appear from the opinion.

*Henry S. Magoon,* for the appellant.

For the respondent there was a brief by *Orton & Osborn,* and oral argument by *Mr. Orton.* To the point that the service of the summons in this case was valid, they cited *Farmers' Ins. Co. v. Highsmith,* 44 Iowa, 330; Gwynne on Sheriffs, 77; *Norton v. Meader,* 4 Sawy. 603; *Slaght v. Robbins,* 13 N. J. Law, 340.

COLE, C. J. The only ground relied on for impeaching the judgment is the want of jurisdiction. It is insisted that the circuit court never acquired jurisdiction of the person of *Philo Borden* by the service of the summons which was made. The summons was served by Constable McKnight, who made an affidavit of the time, place, and manner of service, as follows: "Ellis J. McKnight, of lawful age, being duly sworn, on oath says that he served the summons hereto annexed upon *Philo Borden* and William Borden, the defendants therein named, by delivering to each of them a true copy thereof, and leaving the same with each of them at Wayne, in said county, on the 26th day of November, 1881. Deponent further says that he knows the persons so served to be persons named as defendants in said summons."

The objection which is taken by the learned counsel for *Philo Borden* to this proof of service is that it wholly fails to show either (1) that McKnight delivered to his client a copy of the summons; (2) or that he left with him a copy; (3) or with whom such copy was left. The statute, counsel says, imperatively requires that these facts should appear from the affidavit of the person who makes the service. When service is made by a person other than the sheriff, the statute certainly requires that the proof of service shall be the affidavit of the person making the service, "showing place, time, and manner of service, that he knew the person served to be the defendant mentioned in the sum-

mons, and left with as well as delivered to him a copy."
Subd. 2, sec. 2642, R. S. Now, do not all these facts plainly
appear from the affidavit of McKnight, which we have
given above? It seems to us that they do.

But some affidavits were used on the motion to set aside
the judgment, and, among them, the affidavits of McKnight
and of his son, who was with him when he made the serv-
ice. From these it is insisted that it appears that no copy
of the summons was either delivered to *Philo Borden* or
left with him. We have no disposition to go into any dis-
cussion of the matters stated in these affidavits and in those
made by *Philo Borden*. There is certainly a very positive
and serious contradiction in the statements made on the
one side and on the other as to the time and circumstances
attending the service of the summons. We feel bound to
attach greater credit to the statements of McKnight and
his son than to those of *Borden*, made, as they are, by
persons not interested in the suit. It appears from these
affidavits that McKnight and his son went to *Borden's*
house in the evening of the 26th of November; that Mc-
Knight informed *Borden* he had a summons in the action
which he was going to serve; that he held the summons in
his hand and *Borden* saw it; that then *Borden* refused to
let him make service, pushed him partly out of the door,
when McKnight informed him that he would leave a copy
of the summons for him, and did so by attaching it securely
to the handle of the door-latch, informing *Borden* of what
he had done. This, in substance, is the account which Mc-
Knight and his son give of the time and manner of the
service. The affidavits on both sides contain much imperti-
nent matter, and, as we have said, flatly contradict each
other.

But, without dwelling upon the details of the transaction,
and assuming, as we feel we must do, that the statements
of McKnight and his son are more worthy of credit than

those of *Borden*, the question arises whether the facts do not show a valid service of the summons. We think they do. It is of course impossible, without the use of violence, to compel a party to receive and retain papers offered him with a view of making a service. Any act of violence to accomplish that end is not to be tolerated. And when a party refuses to accept a copy of a summons which is offered him in a civil and proper manner, after being informed what the paper is, there is no other way to make service but deposit the process in some appropriate place, in the presence of the party if possible, or where it will be most likely to come to his possession. If then the party to be served does not get the copy of the summons it will be entirely owing to his own fault. He certainly, when everything has been done to make service upon him, should not be allowed to come into court and object that because a copy of the summons was not delivered to nor left with him, therefore the service was insufficient. "If a defendant declines to receive from the proper officer a paper presented by him for service, he may deposit it in any convenient place in the presence of the party." Mr. Justice FIELD in *Norton v. Meader*, 4 Sawy. 619. "If a party refuse to accept papers when decorously offered him, after being distinctly informed what they are, he should be held to the consequences of his own perverseness; and then if they should be laid down for him and before him, such offer, information, refusal to accept, and leaving of the papers for him and in his presence, should be deemed legal service." *Davison v. Baker*, 24 How. Pr. 41. See, also, Smith on Sher. & Cor. 196; *Slaght v. Robbins*, 13 N. J. Law, 340.

The defendant *Borden* offered to read the affidavit of his wife to corroborate his version of the transaction, and to show want of service of the summons upon him. The affidavit was objected to, and was rejected by the court. It was clearly incompetent.

The order of the circuit court refusing to set aside the judgment is affirmed. There is, likewise, an appeal from the judgment, and it follows, from what has been said, that the judgment must be affirmed,

*By the Court.*— Ordered accordingly.