GALLUN, Appellant, vs. HIBERNIA BANK & TRUST COMPANY, Respondent.

*October 18—November 13, 1923.*

*Adverse examination: Service on officer of defendant corporation: Order requiring corporation to submit to examination: Right of opposite party to proceed both ways: Refusal of witness to accept service: Effect: Right of witness to test question as to materiality of testimony.*

1. Where service of a subpœna to appear to submit to examination under sec. 4096, Stats., is set aside, the subpœna must be suppressed.  p. 42.
2. A witness, when application is made for a writ to compel his attendance or by motion to suppress the subpœna, may have a court determine whether the matters as to which he is to be examined are material and relevant before being required to answer, particularly where he is required to exhibit books and papers relating to many matters other than those appertaining to the facts in dispute.  p. 43.

Gallun v. Hibernia Bank & Trust Co. 182 Wis. 40.

3, Where plaintiff procured an order under sub. 7, sec. 4096, Stats., requiring the defendant corporation to produce its books and papers and submit to an examination at a place named in the state of its domicile, he is not precluded from examining its vice-president, who is served with a subpœna while present in this state.  p. 44.

4. Service of a subpœna by tendering it to the witness within his sight, and informing him, in a general way, of its contents, is sufficient where the witness refused to accept it or to remain until it could be read to him.  p. 44.

APPEAL from an order of the circuit court for Milwaukee county: WALTER SCHINZ, Circuit Judge.  *Reversed.*

This action was begun to recover damages alleged to have grown out of a real-estate transaction between the plaintiff and defendant.  The case being at issue, plaintiff sought to examine Fred W. Ellsworth, one of the vice-presidents of the defendant company, who was at the time in the city of Milwaukee in attendance upon a national convention of the associated advertising clubs of the world, held in Milwaukee the week beginning June 11, 1922.  The defendant is a corporation having its principal office and place of business in the city of New Orleans.  On Tuesday, June 14, 1922, one F. J. Shannon sought to serve upon Fred W. Ellsworth at the Hotel Pfister in the city of Milwaukee a subpœna, by the terms of which the said Ellsworth was required to appear before a court commissioner in the city of Milwaukee on the 20th day of June, 1922, at 2 o'clock in the afternoon, and then and there submit to an examination under the provisions of sec. 4096, Stats.  By the subpœna the witness was required to then have with him and produce certain contracts, minute books, letters, and other documents, a detailed description of which is not necessary. The witness did not appear at the time and place specified in the subpœna.  Edgar L. Wood, Esq., appeared specially on behalf of the defendant and objected to the jurisdiction of the commissioner to proceed with the examination.  Certain representations were then made to the commissioner,

and upon the record, on motion of the counsel for defendant, the whole matter was certified to the circuit court for further proceedings. On October 20, 1922, upon the affidavit of Fred W. Ellsworth and upon the proceedings had before the court commissioner, which had then been certified to the circuit court, the defendant's attorney moved to set aside the service and suppress the subpœna, and on March 20, 1923, an order of the circuit court was entered consolidating the proceedings and granting the motion of defendant's attorney to set aside the service and suppress the subpœna. From that order the plaintiff appeals.

For the appellant there was a brief by *Glicksman, Gold & Corrigan* of Milwaukee, and oral argument by *Walter D. Corrigan.*

*Edgar L. Wood* of Milwaukee, for the respondent.

Rosenberry, J. As we view this case there is now but one question before this court, and that is whether or not the witness, Fred W. Ellsworth, was properly served with the subpœna. While the order does not recite upon what ground the service was set aside and the subpœna suppressed, it would follow that if the service were set aside then the subpœna must be suppressed. The subpœna was not served by an officer but by a process server. The facts are not in substantial dispute. Proof of service was made by affidavit. The facts relating to the service are as follows:

"That on the 14th day of June, 1922, he [the process server] met the said Fred W. Ellsworth in the lobby of the Hotel Pfister, Milwaukee, Wisconsin. That after he had learned from Fred W. Ellsworth that that was his right name and that he was vice-president of the *Hibernia Bank & Trust Company* of New Orleans, he informed the said Fred W. Ellsworth that he had some papers he would like to serve upon him. That at the time the deponent could not have been more than a foot and a half from the said Fred W. Ellsworth. That he had the original subpœna, together with a copy, and the originals and copies of summons in six

other actions, in all of which the *Hibernia Bank & Trust Company* was a defendant.   That in his left hand he had the proper witness fees in a small roll with the change inside.   That the papers, fourteen in all, were rather bulky and could not have been more than six inches to a foot from the person of Mr. Ellsworth.   That they were plainly visible to the said Fred W. Ellsworth, and that deponent tendered the subpœna to the said Fred W. Ellsworth, but that the said Fred W. Ellsworth refused to take the subpœna and refused to listen to the deponent to learn of the contents. That as soon as the subpœna was tendered to him he brought his hands to his sides immediately, turned. quickly, and hurried out of the front door of the Hotel Pfister.   That deponent followed him a short distance to make a second tender and to explain the papers, but that the said Fred W. Ellsworth refused to listen to him but further quickened his pace."

It further appeared that the said Fred W. Ellsworth went to the Hotel Wisconsin, was not again seen, and left the city of Milwaukee.   By the affidavit of Fred W. Ellsworth filed on the motion to suppress, it appears that he became an officer of the defendant company on the 1st day of May, 1918; that prior thereto he had not been connected with the said bank in any capacity; that as vice-president he had supervision of the savings, new business, central file, research, advertising, and safe-deposit departments; that he had not the custody or possession of any of the papers described in the subpœna nor any knowledge concerning them.   The facts upon which the cause of action is based arose in November, 1916.   Some question is raised as to procedure.   No doubt a witness may, before he is required to answer, have the determination of a court as to whether or not the matters as to which it is proposed to examine him are material and relevant to the controversy. This is particularly true where he is required to exhibit books and papers relating to many matters other than those appertaining to the facts in dispute.   This may be done either at the time an application is made for a writ to com-

pel the attendance of the witness, or the same questions may be properly raised, as in this case, by a motion to suppress the subpœna. It is to be noted that in this case the witness did not respond to the subpœna, has not appealed to the court, and all of the proceedings have been taken by and on behalf of the defendant corporation.

It is first contended that because the plaintiff had procured an order under the seventh clause of sec. 4096, Stats., requiring the defendant to produce its books and papers and submit to an examination at a place named in the state of Louisiana, it was not entitled to examine the vice-president, Fred W. Ellsworth, although present in this state. We think this contention cannot be sustained. The plaintiff may proceed in either way or in both ways—the one is not exclusive of the other. *Kentucky F. Corp. v. Paramount Auto Exch. Corp.* 171 Wis. 586, 178 N. W. 9.

It is also claimed that there was not a proper service upon the witness Ellsworth. We are of the opinion that the service in this case is good. The witness can make no complaint because the service was not more complete. It was not more complete because he made it impossible for the process server to make it complete. Certainly the process server would not be justified in using personal violence to restrain the movements of the witness until the service could be formally completed. The subpœna was tendered to him, it was within his sight, and he was informed in a general way of its contents. His refusal to accept it and his refusal to remain until it could be read did not relieve him of the obligation to attend at the time and place specified in the subpœna. *Borden v. Borden,* 63 Wis. 374, 23 N. W. 573.

Other matters are urged by the defendant, but, the court having suppressed the subpœna because of the fact that the service was set aside, these questions are not presented by the record. These matters are largely within the discre-

tion of the trial court and the court has not been asked to and has not exercised its discretion in regard to them. *American F. P. Co. v. American M. Co.* 151 Wis. 385, 138 N. W. 1123.

*By the Court.*—The order appealed from is reversed, and cause remanded for further proceedings according to law.