**ETELSON v. ANDRÉ.**

No. 705.

Municipal Court of Appeals for the District of Columbia.

Nov. 5, 1948.

Rehearing Denied Nov. 19, 1948.

Herman Miller, of Washington, D.C., for appellant.

James A. Crooks, of Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

This is an appeal by a tenant from a judgment against him for possession of housing accommodations.

The only error assigned relates to the validity of the service of process. Service of process in summary actions for possession of real estate is regulated by the following code section:

"The summons shall be served seven days, exclusive of Sundays and legal holidays, before the day fixed for the trial of the action. If the defendant has left the District of Columbia, or can not be found, said summons may be served by delivering a copy thereof to the tenant, or by leaving the same with some person above the age of sixteen years residing on or in possession of the premises sought to be recovered, and if no one be in actual possession of said premises, or residing thereon, by posting a copy of said summons on the premises where it may be conveniently read." Code 1940, § 11—736.

In this case the return of the marshal was:

"Summoned by posting a copy hereof on ———————— of said premises, the defendant not to be found, and no person above the age of sixteen years to be found in possession of, or residing on, said premises."

On motion to quash service testimony was taken and the trial court found the following facts. The marshal went to the premises at about 11:00 a. m., rang the bell several times but received no response. He went back about 1:30 and in response to his ring a maid came to the door and in reply to his inquiry stated that defendant was not at home and she did not know when he would return. Thereupon the officer told the maid he was a deputy marshal and had a paper for defendant and he asked her to take the paper and give it to defendant. The maid refused, stating she had instructions not to take any paper from anyone. The marshal told her it was important that defendant get the paper and she should take it and be sure that defendant received it. The maid again refused to receive the paper and, as she began to close the door, the marshal stated he was going to tack the paper on the door and because of the wind she should take the paper before it blew away. He then tacked the paper on the door. When defendant's wife returned home in the afternoon the paper was on a table in the hallway.

On the foregoing facts the trial court held that valid service had been effected. The tenant, conceding in effect that service was properly made, contends that it was made by delivering it to one in possession and not by posting on the premises, and that therefore the return of the marshal was erroneous. The argument is made that when the marshal offered the paper to the maid and, upon her refusal to accept, left it in a place available to her the legal result is the same as if she had accepted it. There is considerable merit to this argument. Cf. Borden v. Borden, 63 Wis. 374, 23 N.W. 573. However, if we accept the contention that service was made by delivery to one in possession and that the marshal's return was erroneous, it does not follow that service was invalid. An erroneous return does not invalidate good service. It is the fact of service and not

808

the return that gives the court jurisdiction. Coster v. Jensen, 218 Iowa 1215, 257 N.W. 303; Air Conditioning Training Corp. v. Pirrote, 270 App.Div. 391, 60 N.Y.S.2d 35; Halverson v. Sonotone, S.D., 27 N.W.2d 596; Buttery v. Robbins, 177 Va. 368, 14 S.E.2d 544; John Hancock Mut. Life Ins. Co. v. Gooley, 196 Wash. 357, 83 P.2d 221, 118 A.L.R. 1484. The facts disclosed by the testimony show that valid service was effected either by delivery or by posting and the court properly denied the motion to quash.

The tenant makes the second contention that the statute requires the marshal to use due diligence to make personal service before resorting to substituted service. The statute makes no reference to due diligence, but if we accept the defendant's argument, we still could not hold as a matter of law that the two attempts made to effect personal service did not constitute due diligence under the circumstances of this case. Cf. Lynch v. Bernstein, D.C.Mun. App., 48 A.2d 467.

Affirmed.