BOECK and others, Appellants, v. STATE HIGHWAY COMMISSION, Respondent.

*October 3—October 31, 1967.*

442

For the appellants there were briefs by *Donald L. Hollman* and *Duane H. Polivka,* both of Friendship, and oral argument by *Mr. Hollman.*

For the respondent the cause was argued by *Albert Harriman,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

BEILFUSS, J. The issue is the sufficiency of the service of the jurisdictional offer.

The procedure to be used by the State Highway Commission to obtain highway scenic easements is set forth in sec. 32.05, Stats. Pursuant to this section the highway commission attempted to obtain the easement by negotiation. The offer made was rejected by the plaintiffs. The Highway Commission was then required to give notice of a jurisdictional offer.

Sec. 32.05 (4), Stats., provides how notice of a jurisdictional offer must be given. The pertinent provisions of the statute are as follows:

"HOW NOTICE OF JURISDICTIONAL OFFER IS GIVEN. The giving of such notice is a jurisdictional requisite to a taking by condemnation. Such notice may be given by personal service in the manner of service of a circuit court summons, or it may be transmitted by certified mail. If service is by mail, service of the papers shall be deemed completed on the date of mailing and the use of mail service shall not increase the time allowed to act in answer to or in consequence of such service. . . ."

If the owner desires to contest the right of the condemnor to take any part of his land he must commence an action for that purpose within forty days of the comple-

tion of the service of the jurisdictional offer upon him.[1] In this instance the action to challenge the right of the Highway Commission to condemn the land was commenced seventy-seven days after the notice of jurisdictional offer was mailed to the plaintiffs.

The plaintiffs contend that they did not in fact receive the jurisdictional offer and that mailing the offer is a substitute method of service only to be used in the event personal service cannot be affected.

Discussing the last contention first, the statute does not require that personal service be attempted first or resorted to in the event that notice by mail is returned. The statute simply provides that notice can be given in either manner.[2] The Highway Commission could at its election determine to serve the jurisdictional offer by mail.

Turning now to the plaintiffs' contention that the service by mail was ineffective because they did not receive the notice, it can be said as a general rule in the absence of the statutory provision, that service of notice would not become effective until the party received it. In *Hotel Hay Corp. v. Milner Hotels, Inc.* (1949), 255 Wis. 482, 486, 39 N. W. 2d 363, this court held:

" '. . . As stated in 46 C. J., Notice, p. 559, sec. 69, —
" 'In the absence of custom, *statute,* estoppel, or express contract stipulation, when a notice, affecting a right, is sought to be served by mail, the service is not effected until the notice comes into the hands of the one to be served, and he acquires knowledge of its contents. . . .' See also *In re Leterman, Becher & Co.* (2d Cir. 1919), 260 Fed. 543, 548." (Emphasis supplied.)

Here, however, there is a clear statutory provision that governs:

". . . If service is by mail, service of the papers shall be deemed completed on the date of mailing and the use

---

[1] *See* sec. 32.05 (3) (h), Stats.

[2] In some instances, such as the service of a summons to commence action, substituted service cannot be used unless personal service cannot be obtained by due diligence. *See* sec. 262.06, Stats.

of mail service shall not increase the time allowed to act in answer to or in consequence of such service. . . ." Sec. 32.05 (4), Stats., *supra.*

Under such statutory provisions for service it is usually held that:

". . . service may be effective when the notice is properly mailed, regardless of its receipt by the addressee; in such case the risk of miscarriage or failure to deliver is on the addressee." 66 C. J. S., *Notice,* p. 664, sec. 18.

The cases on the subject were summarized by the Ohio Court of Appeals in *McCoy v. Bureau of Unemployment Compensation* (1947), 36 Ohio Op. 463, 464, 77 N. E. 2d 76:

"In 42 American Jurisprudence, 48, it is said:
" 'Service of process by mail, when authorized, is deemed complete when the writ is deposited in the post office, properly addressed and with the proper amount of postage. And it is sufficient if it is deposited in the mail on the last day allowed for service, although it is not received by the other party until after that day.'
"See Carlson v. Stuart, 22 S. D., 560, 119 N. W., 41, in a footnote to which, as reported in 18 Ann. Cas., 285, at page 286, we find this statement:
" 'Service by mail, properly made in compliance with statute, is complete from the time the notice or other paper to be served is deposited in the post office with the proper amount of postage, and the risk of failure of the mail is upon the party to whom the paper is addressed.'
"The headnote to Hurley v. Olcott, 198 N. Y., 132, 91 N. E., 270, as reported in 28 L. R. A. (N. S.), 238, is:
" 'Failure of the employer to receive the notice is immaterial where a statute providing for service of notice of injury for which the master is to be held liable states that it may be served by post, by letter addressed to the person on whom it is to be served.'
"And, at page 239, the court says:
" 'In many cases the statute provides that notice may be served by mail. Such is the provision as to service of papers on the attorneys in an action, and it has been uniformly held that the service was effective when the papers were properly mailed, regardless of their receipt by the

adverse party. The risk of miscarriage is with the party to whom they are directed. Jacobs v. Hooker, 1 Barb., 71; Brown v. Briggs, 1 How. Pr., 152; Radcliff v. Van Benthuysen, 3 How. Pr., 67.' "

In the situation presented here, we find no sufficient reason to depart from this view.

Even in the absence of the statutory provision making service effective on the date of mailing, plaintiffs would be in no position to claim defective notice. The only reason they did not "receive" the jurisdictional offer is because Mrs. Boeck refused to accept it from the postman.

This court as early as 1885 recognized that one could not ignore the orderly processes of the law by refusing to accept service when properly made:

"It is of course impossible, without the use of violence, to compel a party to receive and retain papers offered him with a view of making a service. Any act of violence to accomplish that end is not to be tolerated. And when a party refuses to accept a copy of a summons which is offered him in a civil and proper manner, after being informed what the paper is, there is no other way to make service but deposit the process in some appropriate place, in the presence of the party if possible, or where it will be most likely to come to his possession. If then the party to be served does not get the copy of the summons it will be entirely owing to his own fault. He certainly, when everything has been done to make service upon him, should not be allowed to come into court and object that because a copy of the summons was not delivered to nor left with him, therefore the service was insufficient." *Borden v. Borden* (1885), 63 Wis. 374, 377, 23 N. W. 573.

And in *Gallun v. Hibernia Bank & Trust Co.* (1923), 182 Wis. 40, 44, 195 N. W. 703:

"We are of the opinion that the service in this case is good. The witness can make no complaint because the service was not more complete. It was not more complete because he made it impossible for the process server to make it complete. Certainly the process server would not be justified in using personal violence to restrain the

movements of the witness until the service could be formally completed. The subpoena was tendered to him, it was within his sight, and he was informed in a general way of its contents. His refusal to accept it and his refusal to remain until it could be read did not relieve him of the obligation to attend at the time and place specified in the subpoena. *Borden v. Borden*, 63 Wis. 374, 23 N. W. 573."

Although the foregoing cases involved personal service rather than notice by mail, the reasoning is entirely applicable.

Before the jurisdictional offer was sent, representatives of the Highway Commission negotiated with plaintiffs as required by sec. 32.05 (2a), Stats. The commission's offer was refused, consequently the jurisdictional offer was mailed. It is undisputed that it was Mrs. Boeck herself, and not someone unfamiliar with the situation, who refused the certified letter when it was delivered. Clearly the trial court's conclusion was correct, *viz.*:

"The plaintiffs refused to accept registered mail delivered by the postal department, this is not denied, they did not receive it simply because they refused it. Quite obviously the reason was by reason of negotiations with the state highway department they were not going to accept $245.00."

Mrs. Boeck obviously knew what the letter contained, at least in a "general way." The refusal of the letter constituted an absolute rejection and disregard of the proper procedures available to inform the plaintiffs of the taking and the necessary information to contest the condemnation proceeding. Plaintiffs cannot now be heard to complain because they were not "notified" of the condemnation action taken against them.

Plaintiffs on this appeal have for the first time attacked the constitutional adequacy of notice by mail under the circumstances of this case. This court has consistently taken the position that it will not ordinarily

consider constitutional issues presented for the first time on appeal. The rule was reiterated most recently in *Shadow Lawn School Dist. v. Walworth County School Comm.* (1967), 33 Wis. 2d 333, 343, 344, 147 N. W. 2d 227:

"The issue is being raised for the first time on this appeal. In *Wisconsin Power & Light Co. v. Dean* (1957), 275 Wis. 236, 242, 81 N. W. (2d) 486, with respect to raising a constitutional issue for the first time on appeal, we stated:

" 'It is the rule of this court that it ordinarily will not consider the question of constitutionality which has been raised for the first time on appeal but will deem that any such right which may have existed was waived by failure to raise it early in the proceeding before the trial court. *State ex rel. Nelson v. Rock County,* 271 Wis. 312, 317, 73 N. W. (2d) 564; *Baker v. Leenhouts,* 257 Wis. 584, 44 N. W. (2d) 544; certiorari denied, 341 U. S. 945, 71 Sup. Ct. 1019, 95 L. Ed. 1370.' "

There is no compelling reason to depart from our general practice and review the constitutional issue presented here.

*By the Court.*—Judgment affirmed.