IN RE PROPOSED INCORPORATION OF CITY OF PEWAUKEE, WAUKESHA COUNTY: EVANS, Appellant, V. BUREAU OF LOCAL & REGIONAL PLANNING, Respondent.

*No. 740 (1974). Submitted on briefs March 4, 1976.—Decided May 14, 1976.*
(Also reported in 241 N. W. 2d 603.)

For the appellant the cause was submitted on the briefs of *Hippenmeyer, Reilly & Arenz* of Waukesha.

For the respondent the cause was submitted on the briefs of *Bronson C. La Follette,* attorney general, and *John C. Murphy,* assistant attorney general.

HANLEY, J.   This is an appeal from a judgment of the circuit court for Dane county, which after a ch. 227, Stats. review, affirmed the administrative decision of the Department of Local Affairs and Development which had denied the appellant's petition for the incorporation of the town of Pewaukee as a fourth-class city.  There is a separate notice of appeal filed by the attorney general on behalf of the respondent seeking a review of a prior order entered in the circuit court which had denied the respondent's motion to dismiss the ch. 227 review proceedings on the basis that such proceedings had not been timely commenced.  We conclude the circuit court should have granted the respondent's motion to dismiss the review proceedings on the basis that such proceedings had not been commenced within the time limits specified in ch. 227, so as to give the circuit court subject-matter jurisdiction over the review.

The appellant in this case sought judicial review in the circuit court of a decision of the Department of Local Affairs and Development which was mailed to him and all other interested parties by certified mail on June 14,

1972.[1] The decision was received by the appellant on June 15, 1972. His petition for judicial review was not filed in the office of the circuit court for Dane county until July 17, 1972, which was the 33d day after the day the decision was mailed to him.

The respondent moved in the circuit court to dismiss the petition for review on the basis that the circuit court had no jurisdiction since the review petition was not filed within the 30-day time period prescribed in sec. 227.16 (1), Stats. The circuit court denied the motion to dismiss on the basis that the 30-day time period did not begin to run until the appellant received the decision. Thus, in the instant case, the circuit court computed the 30-day period from June 15, 1972. The thirtieth day from that date fell on Saturday, July 15, 1972. Since the clerk of court's office is not open on Saturday or Sunday, *see:* sec. 990.001 (4) (c), the petition for review was, according to the circuit court, timely filed on the following Monday, July 17, 1972.

The dispositive issue presented in this appeal is whether the 30-day time period commences from the day the decision is mailed or whether it is computed from the day of receipt of the decision. If the 30-day time period begins to run from the date the decision was mailed, which in the instant case was June 14, 1972, regardless of the date the decision was received by the appellant, then the petition for judicial review should have been filed on Friday, July 14, 1972.

Section 227.16 (1), Stats., provides in pertinent part:

[1] This case was before this court previously in *Evans v. Dept. of Local Affairs & Development* (1974), 62 Wis. 2d 622, 215 N. W. 2d 408, where we held the faulty caption on the petition for review did not affect the subject matter jurisdiction of the circuit court. In that opinion, at p. 626, we erroneously stated there was no untimely service. We should have said there was no claim, at that time, that the service of the petition for review was not timely.

". . . Proceedings for review shall be instituted by serving a petition therefor personally or by registered mail upon the agency . . . and by filing such petition in the office of the clerk of the circuit court for Dane county . . . *all within 30 days after the service of the decision of the agency upon all parties* . . . ." (Emphasis supplied.)

The crucial question of what constitutes "service of the decision of the agency" is answered by sec. 227.14, Stats., which provides:

"**Service of decision.** Every decision when made, signed and filed, shall be served forthwith by personal delivery *or mailing of a copy* to each party to the proceedings or to his attorney of record." (Emphasis supplied.)

We conclude under the clear provisions of these statutes that the 30-day time period commences from the date the decision of the agency is mailed to all the parties. Apparently, the lower court agreed but because of this court's decision in *Hamilton v. ILHR Department* (1972), 56 Wis. 2d 673, 203 N. W. 2d 7, the circuit court felt compelled to reach the contrary conclusion.

*Hamilton* dealt with the situation where the county clerk had failed to accept the petition for judicial review for filing, or to promptly notify the appellant of such nonacceptance, which resulted in the expiration of the 30-day period and the frustration of what otherwise would have been a timely filing of the petition for review. This court in *Hamilton* concluded that under the circumstances of that case, the circuit court had obtained jurisdiction on the petition for review. In so doing, we stated:

"In this case appellant received notice and a copy of the April 16, 1971, department orders on April 22d of that month. On May 17, 1971, the clerk received, by registered mail, the appellant's petition to review the April orders and $8 for filing fees. *This receipt by the clerk was still five days before the expiration of the*

*thirty-day* period to perfect a review under sec. 227.13 (1), Stats. . . . ." *Id.* at page 682 (Emphasis supplied.)

The above-quoted language from the *Hamilton Case,* and particularly the emphasized portion, implies that the 30-day time period commenced running upon receipt of the decision or order sought to be reviewed. This language is in contradiction to the clear provisions of sec. 227.14, Stats., and is inconsistent with prior opinions of this court in analogous situations. We hereby withdraw the emphasized language of that opinion and its erroneous implication.

The withdrawal of this language does not do violence to the basic rationale of the *Hamilton Case* which was that the petition for review in that case was timely presented to the clerk who abused his discretion in refusing to file it. The briefs on file in *Hamilton* reveal that the department's decision sought to be reviewed was sent by mail to the appellant on April 20, 1971. Since the clerk in that case received the petition for review on May 17, 1971, this petition was timely filed within the required 30-day period. The withdrawal of the emphasized language in *Hamilton* does not alter this court's conclusion that it was the department's faulty procedures and the clerk's unreasonable failure to file the petition that prevented complete compliance in that case.

The conclusion we reach in the instant case is consistent with earlier opinions of this court. For example, *Boeck v. State Highway Comm.* (1967), 36 Wis. 2d 440, 153 N. W. 2d 610, was an eminent domain case wherein this court considered the analogous situation of the sufficiency of service of the jurisdictional offer by use of certified mail under sec. 32.05 (4), Stats. That statutory section was specific in providing that if service was by mail, service of the papers was to be deemed completed on the date of mailing. Under the language of that

statute, this court held that service of the jurisdictional offer was complete on the date of mailing regardless of the date of receipt of such offer. In so doing, we noted that as a general rule and in the absence of statutory provisions, service would not become effective until the party to whom it was sent received it. *See: Hotel Hay Corp. v. Milner Hotels, Inc.* (1949), 255 Wis. 482, 486, 39 N. W. 2d 363.

Noting that there was a clear, statutory provision directing that service was complete on the date of mailing, this court in *Boeck* stated:

"Under such statutory provisions for service it is usually held that:

" '. . . service may be effective when the notice is properly mailed, regardless of its receipt by the addressee; in such case the risk of miscarriage or failure to deliver is on the addressee.' 66 C. J. S., *Notice,* p. 664, sec. 18." *Supra,* at page 445.

*See also: Schroedel Corp. v. State Highway Comm.* (1968), 38 Wis. 2d 424, 157 N. W. 2d 562.

Similarly, in the instant case, although the provisions of sec. 227.14, Stats., are not as explicit as the statute involved in *Boeck,* nevertheless the provisions are clear in their intent directing that service is completed upon mailing of the decision sought to be reviewed. Thus, the 30-day period began running from the 14th of June, 1972, and the petition for review to be timely, had to be filed by July 14, 1972.

In the recent case of *Ryan v. Department of Revenue* (1975), 68 Wis. 2d 467, 228 N. W. 2d 357, this court was again confronted with the question of whether the appellant's petition for ch. 227 review of the Wisconsin Tax Appeals Commission was timely filed under the provisions of sec. 227.16 (1), Stats. This court held that it was not, and the trial court in that case correctly dismissed the petition for lack of jurisdiction. In so doing, this court stated:

"This court has consistently demanded strict compliance with the requirements of sec. 227.16, Stats., for judicial review. *Cudahy v. Department of Revenue* (1974), 66 Wis. 2d 253, 259, 224 N. W. 2d 570; *Brachtl v. Department of Revenue* (1970), 48 Wis. 2d 184, 187, 179 N. W. 2d 921. As stated in *Kohnke v. ILHR Department, supra* . . . [52 Wis. 2d at p. 690, 191 N. W. 2d at p. 3]:

" 'To dismiss an appeal because it comes one day late may seem harsh. However, if statutory time limits to obtain appellate jurisdiction are to be meaningful they must be unbending.' "

Because in the instant case the petition for review was untimely, the circuit court had no jurisdiction to consider the review. Because the order of the circuit court must be reversed and the case remanded with directions to the circuit court to enter an order dismissing the petition for review, it is unnecessary to consider the issues raised on the appeal from the judgment.

*By the Court.*—The order of the circuit court is reversed and the cause remanded with directions to vacate the judgment and dismiss the petition for review.