REUSCH, Plaintiff-Appellant, v. CITY OF BARABOO,
Defendant-Respondent.

Supreme Court

*No. 77–829. Decided October 3, 1978.*
(Also reported in 270 N.W.2d 229.)

For appellant: *James D. Sweet* and *Dykman Law Offices* of Madison.

For respondent: *Robert L. Greenhalgh* and *Greenhalgh, Jenks & Dithmar* of Baraboo.

PER CURIAM. On July 26, 1977, the common council of respondent city revoked appellant's mobile home park license, effective in six months.

Sec. 66.058(2) (d), Stats. 1975, provides in part:

"Any holder of a license which is revoked or suspended by the governing body of any city . . . may within 20 days of the date of such revocation or suspension appeal therefrom to the circuit court . . . by filing a written notice of appeal with the city . . . clerk, together with a bond . . ."

On August 19, 1977, more than twenty days from July 26, 1977, appellant filed a notice of appeal stating that he ". . . hereby appeals . . . from the action of the Common Council of the City of Baraboo taken at 8:00

p.m. July 26, 1977 . . ." A bond was even later filed. The circuit court dismissed the appeal because it was filed more than twenty days after July 26, 1977. If the time for appeal began on July 26, 1977, the circuit court was clearly correct. *Monahan v. Department of Taxation,* 22 Wis.2d 164, 125 N.W.2d 331 (1963) ; *In re Proposed Incorporation of Pewaukee,* 72 Wis.2d 593, 241 N.W.2d 603 (1976). On the other hand if the time for appeal begins after the revocation is effective, appellant's appeal was premature.

The legislative intent is clear, as appellant stated in his notice of appeal, that the action of the common council, is what is appealed from and that took place July 26, 1977, and not six months later. The statute, sec. 66.058 (2) (d), expressly begins the twenty days from the date of revocation. To revoke is to set aside, cancel, annul, recall or take back, in contrast to revocation which is the act of revoking. Webster's, Third International Dictionary; Random House Dictionary; New Standard Dictionary; Black, Law Dictionary; 37A *Words and Phrases,* p. 336 *et seq.* The act of revoking occurred on July 26, 1977.

It is only reasonable that the action of the council on July 26, 1977, revoking the license should be the time which begins the time for appeal. At this time the appellant had notice of the revocation and he then had the opportunity to have the appeal disposed of before the period of grace given by the council expired. It is that action which appellant appealed from in his notice of appeal. It would be a harsh result if the council must terminate the license immediately without giving the inhabitants of the mobile home park a reasonable time to relocate, in order to commence the time for appeal from the council's action.

The record contains an "Amended Notice of Appeal" filed March 23, 1978, to include an appeal from the refusal of the council on February 24, 1978, to reconsider.

Yet, there is no record of any such action nor of the time such notice was filed with the city clerk. This notice was not within twenty days of six months from July 26, 1977.

Respondent has moved for summary affirmance of the dismissal of the appeal by the circuit court. The motion is granted. The order of dismissal is affirmed.