IN the MATTER OF the ESTATE OF Walter
RISTAU, a/k/a Walter H. Ristau, W.H.
Ristau, Deceased: Ellen LITRENTA
(FEHLBERG), Joyce Orr, Nancy Annen, Judy
Lemke, Donna Buczek, Rosalie Jole, Michael
Robl, James Robl, Frank Robl, Jr., Sandra L.
Pitts, Irene McKinney, Mary Gruentzel and
Dorothy Kluender, Objectors-Appellants-
Petitioners,

v.

IN the MATTER OF the ESTATE OF Walter
RISTAU, a/k/a Walter H. Ristau, W.H.
Ristau, Deceased, Proponents.

Supreme Court

*No. 86–1873. Argued March 29, 1988.—Decided June 10, 1988.*

(Also reported in 424 N.W.2d 203.)

For the objectors-appellants-petitioners there was a brief (in court of appeals) and statement in lieu of brief by *Jerome A. Maeder* and *Jerome A. Maeder Law Offices, S.C.,* Wausau, and oral argument by *Jerome A. Maeder.*

For the proponents-respondents there was a statement in lieu of briefs by *D.G. Graff* and *Terwilliger, Wakeen, Piehler & Conway,* Wausau, and oral argument by *D.G. Graff.*

WILLIAM G. CALLOW, J. This is a review of an unpublished decision of the court of appeals dismissing an appeal from a judgment of the circuit court, probate branch, for Lincoln county, Judge Leo D. Crooks presiding, which admitted into probate certain codicils to a will. The issue on appeal is whether the court of appeals erred in dismissing the appeal on the grounds that the notice of appeal was filed prematurely. Because we conclude that the notice of appeal was

filed timely, we reverse the decision of the court of appeals.

The issue on review arises out of a contested probate matter involving two codicils to the will of Walter Ristau (Ristau) which were executed by him shortly before his death. The objectors in this case, Ellen Litrenta (Fehlberg), Joyce Orr, Nancy Annen, Judy Lemke, Donna Buczek, Rosalie Jole, Michael Robl, James Robl, Frank Robl, Jr., Sandra L. Pitts, Irene McKinney, Mary Gruentzel, and Dorothy Kluender (Objectors) initiated the present action, seeking to have the two codicils excluded from the probate of Ristau's will. Following a bench trial, the circuit court issued a ruling on or about August 12, 1986, admitting the two codicils into probate and ordering counsel for the estate to prepare an order consistent with the circuit court's ruling.

According to the record, on September 12, 1986, the circuit court judge signed a judgment admitting the codicils into probate and awarding costs against the Objectors. Thereafter, on September 16, 1986, a notice of entry of judgment was sent to the Objectors notifying them that the September 12, 1986, judgment was entered in the office of the clerk of circuit court, probate branch, for Lincoln county, on September 16, 1986. Attached to the notice of entry of judgment was a copy of the judgment bearing the date of September 12, 1986, and a copy of an order regarding attorney fees, dated September 16, 1986. The record further reflects that the notice of entry of judgment, with a copy of the order for judgment and a copy of the judgment attached, was filed in the Lincoln county circuit court on September 17, 1986.

An amended judgment was subsequently signed on September 22, 1986, correcting the award of costs

to provide that costs were awarded in favor of the Estate of Walter Ristau.[1] A copy of the amended judgment was served on the attorney for the Objectors on the same day, and the amended judgment was filed the following day.

On October 8, 1986, the Objectors filed a notice of appeal, specifically appealing the September 12, 1986, judgment admitting the codicils into probate and the September 22, 1986, order amending judgment. Although the notice of entry of judgment states that the September 12, 1986, judgment admitting the codicils into probate was filed on September 16, 1986, the record reveals that the judgment is stamped "filed" on October 10, 1986, at the Lincoln county circuit court. Also bearing a filing date of October 10, 1986, are the findings of fact and conclusions of law, dated August 29, 1986, and the order concerning attorney fees, dated September 16, 1986.

The court of appeals, on its own motion on March 18, 1987, issued an amended order[2] requesting memoranda on the issue of whether the court of appeals had jurisdiction of the appeal. Following the submittal of memoranda by the parties, the court of appeals dismissed the appeal.[3] According to the court, the court's jurisdiction was limited by secs. 808.03(1) and 808.04(1), Stats.,[4] which provide that an appeal as a

---

[1]The original judgment awarded costs in favor of Donald Ristau, Elaine Dorfschmidt Geiss, and Helen Jeanette Normand.

[2]The amended order was issued by District III and replaced an identical order issued by District IV.

[3]The Objectors filed a motion to supplement the record, dated April 7, 1986. However, the court of appeals, instead of granting the motion, construed the motion as a motion to supplement the Objector's memorandum on jurisdiction.

[4]Section 808.03(1), Stats., provides in pertinent part:

matter of right must be filed within ninety days after entry of the final judgment. Because the notice of appeal was filed two days before the judgment under appeal was entered, the court concluded that it lacked jurisdiction over the appeal. Judge Myse dissented, arguing that the court of appeals should either (1) allow an appeal from the amended judgment which necessarily adopted the September 12, 1986, judgment, or (2) through liberally construing the court of appeals' authority to grant leave to appeal and extend the time for filing a petition for leave to appeal, grant the Objectors "leave to appeal the Ruling Admitting Codicils to Probate entered August 12, 1986."

On September 15, 1987, we accepted the Objectors petition for review.

The question before us is whether the court of appeals erred in its determination that it did not have jurisdiction over the appeal filed by the Objectors. Appellate court jurisdiction exists only if the appellant has filed a timely notice of appeal. Sec. (Rule) 809.10, Stats. However, before a final judgment or order may be appealed, the judgment or order appealed from must be entered by filing the order in the office of the clerk of court. Secs. 808.03(1), 806.06(1),

"A final judgment or a final order of a circuit court may be appealed as a matter of right to the court of appeals unless otherwise expressly provided by law. A final judgment or final order is a judgment or order entered in accordance with s. 806.06(1)(b) or 807.11(2)."

Section 808.04(1), Stats., provides in pertinent part: "An appeal to the court of appeals must be initiated within 45 days of entry of judgment or order appealed from if written notice of the entry of judgment or order is given within 21 days of the judgment or order as provided in s. 806.06(5), or within 90 days of entry if notice is not given, except as provided in this section or otherwise expressly provided by law."

and 807.11(2); *In Interest of M.T.*, 108 Wis. 2d 410, 414–15, 321 N.W.2d 289 (1982). Once the order or judgment is filed with the clerk of court, the appeal must be filed "within 45 days of entry of judgment or order appealed from if written notice of the entry of judgment or order is given ... or within 90 days of entry if notice is not given." Sec. 808.04(1).

In this case, the court of appeals concluded that it did not have jurisdiction because the notice of appeal was filed two days before the judgment was entered. The court of appeals concluded that the notice of appeal was filed before the judgment was entered because the notice of appeal bears a filing date of October 8, 1986, and the judgment bears a filing date of October 10, 1986.

Ordinarily, the date stamped on a judgment will be the date of filing. However, we have previously recognized that the stamped filing date is not always controlling as to the date of actual filing with the clerk. *Boston Old Colony Insurance v. International Rectifier Corp.*, 91 Wis. 2d 813, 822, 284 N.W.2d 93 (1979). In *Boston Old Colony,* we held that a notice of appeal may be considered as filed on a date different from the date stamped on the notice when there is undisputed and uncontroverted evidence to establish the date it is actually received. We reasoned that "[t]he delay in stamping the notice of appeal as filed is solely the result of the clerk's oversight and the appellants should not be denied their right of appeal based on the actions of the deputy clerk." *Id.* at 823–24. Although our holding in *Boston Old Colony* concerned when a notice of appeal is filed, its reasoning is equally applicable to the case before us.

In this case, the undisputed evidence before us establishes that the judgment was "filed" on Septem-

ber 16, 1986, not October 10, 1986. The record indicates that on September 16, 1986, the attorney for the estate filed a notice of entry of judgment with the circuit court, probate branch, for Lincoln county and also sent a duplicate notice to the attorney for the Objectors. The record further indicates that the notice of entry of judgment declares that the judgment was entered on September 16, 1986. Moreover, the clerk of court did not refuse to accept the notice of entry of judgment by asserting that there was no judgment filed. Finally, there is no evidence indicating that the judgment was not actually filed with the clerk of court on September 16, 1986. Based upon this set of facts, we conclude that the judgment was filed on the day asserted in the notice of entry of judgment. Although the judgment bears a filing date of October 10, 1986, we presume that the failure to stamp the judgment on September 16, 1986, was due to an oversight by the clerk of court. We, therefore, hold that the judgment in this case was entered on September 16, 1986.

Because we conclude that the judgment was entered on September 16, 1986, the Objectors filed timely their notice of appeal on October 8, 1986. Accordingly, the court of appeals has jurisdiction to hear the issues raised on appeal by the Objectors.

*By the Court.*—The decision of the court of appeals is reversed.

SHIRLEY S. ABRAHAMSON, J. (concurring). The appellants filed a notice of appeal to the court of appeals when the trial court judgment was not filed. The respondents ask us to dismiss the appeal.

The appellants ask us to direct the court of appeals to hear the appeal. The appellants argue that the respondents misled them, albeit in good faith,

when the respondents filed the notice of entry of judgment stating that the judgment had been filed.

The law is on the side of the respondents. An appeal cannot be taken from a judgment before it is filed (entered). The equities are, however, on the side of the appellants.

The court holds for the appellants. I agree the appellants should win. I do not agree, however, with the court's reading the record as showing that the judgment was entered before the notice of appeals was filed. The record shows no such thing. A more reasonable inference in this case is that the judgment was not entered until after the notice of appeal was filed.

I prefer to say simply that this case stands for the following rule: When a respondent files a notice of entry of judgment asserting that the judgment attached has been entered, the appellant and the court of appeals may, for purposes of determining the validity of the notice of appeal, rely on the respondent's assertion that the judgment has been entered.

If I were to use a legal fiction, then I would adopt the reasoning of Judge Myse's dissenting opinion in the court of appeals. Judge Myse reasoned as follows: The order amending the judgment was the final judgment, terminating the matter in litigation. The order amending the judgment adopted the earlier judgment. The order was entered and the notice of appeal appealed from both the order and the earlier judgment. Accordingly the appeal was properly filed.

For these reasons I concur.