COURT OF APPEALS
DECISION
DATED AND FILED

December 26, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP1476-FT**

Cir. Ct. No. 2021CV2521

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

---

AMERICAN OVERSIGHT,

    PETITIONER-RESPONDENT,

  V.

ROBIN VOS,

    RESPONDENT-APPELLANT.

---

APPEAL from orders of the circuit court for Dane County: DIANE SCHLIPPER, Judge. *Affirmed.*

Before Gundrum, P.J., Neubauer and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.  Robin Vos,[1] as the Speaker of the Wisconsin State Assembly, appeals from orders of the circuit court requiring him ("or the unit of government of which his office is a part") to pay certain costs and fees to American Oversight (AO).  Based upon our review of the briefs and Record, we conclude that the bill of costs at issue was filed within the statutory timeframe, so there was no erroneous exercise of discretion by the circuit court in affirming the clerk's taxation of costs to be paid by Vos or in denying Vos's motion for reconsideration of the same.  We affirm.

¶2     The parties do not dispute the relevant facts, but only their legal significance.  AO brought a mandamus action seeking to compel Vos to search for and produce records pursuant to Wisconsin's Public Records Law.[2]  The circuit court granted partial summary judgment to AO and ordered Vos to pay "reasonable attorney fees, damages of not less than $100, and other actual costs to American Oversight under WIS. STAT. § 19.37(2)."[3]  On January 6, 2023, AO filed a Motion to Determine Costs, Fees, and Damages, along with a brief and affidavits in support of its fee petition.  Vos opposed this motion, objecting to AO's fee petition and filing his own brief and supporting declaration on February 3.  AO filed a reply brief in support of its motion, with additional affidavits, on February 17.

---

[1] Even though Robin Vos is named in his official capacity, we refer to him as "Vos" throughout this opinion.

[2] AO refers to the "Open Records Law," which is the Public Records Law set forth in WIS. STAT. §§ 19.31-19.37 (2021-22).  All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

[3] The circuit court denied Vos's motion for reconsideration of part of the summary judgment order, but Vos did not seek reconsideration of the part of the order related to costs and fees.

¶3      On February 23, 2023, the circuit court made its ruling on AO's fee petition. It ordered Vos to pay AO costs, attorney fees, and damages amounting to $135,574.03. In addition, the court ordered Vos to pay $7,637.00 for the costs and fees associated with AO's reply brief in support of its fee petition motion—but this part of the order was stayed for seven days to give Vos an opportunity to object to those supplemental costs and fees. Vos did not file an objection to the February 23 order. Thus, the total amount Vos was ordered to pay was $143,211.03.

¶4      On March 10, AO electronically submitted to the circuit court both a Notice of Entry of Final Order and a proposed bill of costs. The bill of costs reflected the amount awarded in the circuit court's February 23 order: $143,211.03. While the Notice was accepted by the electronic filing system and stamped "filed" with that same date—March 10, 2023—counsel for AO received an email from the clerk of the circuit court stating that its bill of costs had been "rejected." The email further stated: "The reason given for the rejection is: Printed, to be completed by the clerk. No need to refile." Just over two months later, on May 15, the clerk signed and posted the bill of costs—still reflecting the $143,211.03 from the court's February 23 order—to the electronic record for the case.

¶5      On May 25, 2023, Vos filed a motion objecting to the taxation of costs, arguing that AO failed to perfect judgment within thirty days of the March 10 entry of judgment as required by WIS. STAT. § 806.06(4) and thus had forfeited its right to recover costs. The circuit court rejected this argument on June 27 and denied Vos's subsequent motion for reconsideration on July 5. Vos appeals from both orders.

¶6      "Awards of costs are a matter of discretion for the circuit court, and will not be disturbed absent an erroneous exercise of discretion." *Grube v. Daun*,

213 Wis. 2d 533, 553-54, 570 N.W.2d 851 (1997). We review a circuit court's decision on a motion for reconsideration under the same erroneous exercise of discretion standard. *Koepsell's Olde Popcorn Wagons, Inc. v. Koepsell's Festival Popcorn Wagons, Ltd.*, 2004 WI App 129, ¶6, 275 Wis. 2d 397, 685 N.W.2d 853. Under this standard, we reverse if the circuit court "fails to examine the relevant facts, applies the wrong legal standard, or does not employ a demonstrated rational process to reach a reasonable conclusion." *Borreson v. Yunto*, 2006 WI App 63, ¶6, 292 Wis. 2d 231, 713 N.W.2d 656. Issues of statutory interpretation, which may be necessary to determine the correct legal standard, are reviewed de novo on appeal. *Marotz v. Hallman*, 2007 WI 89, ¶15, 302 Wis. 2d 428, 734 N.W.2d 411.

¶7    Vos's argument is that AO did not perfect its judgment because it did not file its bill of costs within thirty days of the March 10 entry of final judgment. Although WIS. STAT. § 806.06(4) states in relevant part that "the party in whose favor the judgment is rendered shall perfect it within 30 days of service of notice of entry of judgment or forfeit the right to recover costs," and § 806.06(1)(c) states that "judgment is perfected by the taxation of costs and the insertion of the amount thereof in the judgment," this court's *Soletski* opinion makes clear that a prevailing party's timely *filing* of its bill of costs within thirty days of the entry of judgment satisfies the time limit set forth in the statute. *Soletski v. Krueger Int'l, Inc.*, 2019 WI App 7, ¶37, 385 Wis. 2d 787, 924 N.W.2d 207. This is because "the most that

a prevailing party can do to perfect a judgment is request that a clerk effect taxation." *Id.*[4]

¶8      Thus, the question is whether AO's *submission* of its bill of costs on March 10 can be deemed a "filing." When filing is done with paper documents, "filing has been seen as the moment when counsel submitted a document to the clerk, who then accepted it." *State v. Aderemi*, 2023 WI App 8, ¶17, 406 Wis. 2d 132, 986 N.W.2d 306. Electronic filing, however, adds some complications. According to the statute governing electronic filings, WIS. STAT. § 801.18(4), the date of filing is the date a document is submitted—"so long as it is subsequently accepted by the clerk." Notably, "there is no deadline in the statute for the clerk to accept the file." *Aderemi*, 406 Wis. 2d 132, ¶20. This court has stated that it "will not hold the litigant responsible for the actions of the clerk accepting the digital files." *Id.*, ¶25.

¶9      In this case, the clerk eventually accepted (on May 15) the proposed bill of costs attached to AO's Notice of Entry of Final Order that was submitted on March 10, and stamped "filed" on that same date. Although Vos disputes this fact and argues that the clerk "*never* accepted AO's bill of costs for filing," we cannot agree when the very same proposed bill of costs submitted by AO was filled in and then signed by the clerk, who, on May 15, marked the final bill of costs "filed." Nor are we persuaded that AO was required to refile the bill of costs or seek judicial

---

[4] See also the following opinions where mistakes by a court clerk are not attributed to the filing party: *Werner v. Hendree*, 2011 WI 10, 331 Wis. 2d 511, 795 N.W.2d 423; *Estate of Ristau*, 144 Wis. 2d 421, 424 N.W.2d 203 (1988); *Boston Old Colony Ins. Co. v. International Rectifier Corp.*, 91 Wis. 2d 813, 284 N.W.2d 93 (1979); *Hamilton v. DILHR*, 56 Wis. 2d 673, 203 N.W.2d 7 (1973), *abrogated by* *Evans v. Bureau of Local and Regional Planning*, 72 Wis. 2d 593, 241 N.W.2d 603 (1976).

relief as Vos suggests, especially when the message that AO received informed AO that there was "No need to refile."[5]  Moreover, we observe that the clerk's "No need to *re*file" message suggests that the clerk considered the proposed bill of costs to have already been "filed" along with the Notice of Entry of Final Order because the message informed AO that it did not have to file the proposed bill of costs *again*. Thus, we conclude that March 10 was the date AO filed the bill of costs under the statute and that judgment was timely perfected under *Soletski*.

¶10    We further note that Vos did not suffer prejudice as a result of the clerk's message suggesting the Notice of Entry of Final Order and a proposed bill of costs stamped "filed" had been rejected.  Pursuant to WIS. STAT. § 801.18(16)(c), courts are allowed to provide appropriate relief resulting from failures of the court electronic filing system, and this provision is to be "liberally applied to avoid prejudice to any person using the electronic filing system in good faith."   In *Aderemi*, this court emphasized that the non-filing party "suffered no prejudice from the irregularities that occurred" with electronic filing of the information against him. 406 Wis. 2d 132, ¶27.

¶11    Here, the Notice of Entry of Final Order and proposed bill of costs were both submitted on March 10, and the email message indicating that the document had been rejected also noted that refiling was not required.  Vos did not raise any challenge to the proposed bill of costs under WIS. STAT. § 801.18(16)(c) based on a lost opportunity to object to it, in the motion challenging the perfection of costs, or in the motion for reconsideration.  By the time of the circuit court's February 23 ruling, the parties had already litigated (or chose not to object to) every

---

[5] This message came from a "WisconsinCourtsEFile@wicourts.gov" account with instructions not to reply to the message because "[m]ail sent to this email account will not be read."

item included in the proposed bill of costs. The costs ultimately awarded by the clerk after taxation were the same as those ordered by the court and included in AO's March 10 submission of its proposed bill of costs. Thus, the message sent after AO's submission and the clerk's later signing and posting of the bill of costs did not deprive Vos of a meaningful opportunity to object, and Vos suffered no prejudice. Under these circumstances, we conclude there was no erroneous exercise of discretion either in the circuit's court's order affirming the clerk's taxation of costs or in denying Vos's motion for reconsideration.

¶12 No costs for this appeal shall be awarded to either party.

*By the Court.*—Orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.