COURT OF APPEALS
DECISION
DATED AND FILED

June 16, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP2263**

Cir. Ct. No. **2023CV1518**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT III

---

RUSSELL BECKMAN,

PETITIONER-APPELLANT,

V.

WISCONSIN CRIME VICTIMS RIGHTS BOARD,

RESPONDENT-RESPONDENT,

ATTORNEY GENERAL JOSH KAUL AND ADMIN TINA VIGIL,

INTERVENORS-RESPONDENTS.

---

APPEAL from an order of the circuit court for Brown County: TIMOTHY A. HINKFUSS, Judge. *Affirmed*.

Before Stark, P.J., Hruz, and Gill, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Russell Beckman appeals from an order that dismissed his petition for judicial review of an administrative decision made by the Wisconsin Crime Victims Rights Board.[1] We affirm on the basis that Beckman lacked standing to bring the petition.

## BACKGROUND

¶2 Beckman filed a complaint with the Board on behalf of a man who alleged that the Wisconsin Attorney General and the Administrator of the Wisconsin Department of Justice (DOJ) Division of Criminal Investigation had violated the man's rights as a crime victim under article I, section 9m of the Wisconsin Constitution, and WIS. STAT. ch. 950 (commonly known as Marsy's Law). More specifically, Beckman alleged that various DOJ officials had refused to consult with the man and his "lawful representative" (i.e., Beckman) about newly developed information related to the 2004 death of the man's son in an officer-involved shooting and an alleged cover-up of the circumstances of the shooting by Kenosha County officials.

¶3 On November 2, 2023, the Board issued a decision concluding that there was no probable cause to believe that the DOJ officials had violated the man's rights under Marsy's Law because the man did not qualify as a statutory crime victim in the context of the DOJ's handling of his requests for consultation and information related to the investigation into his son's shooting—as opposed to the

---

[1] Although the record contains various spellings of the Board's name, including Crime Victims' Rights Board and Crime Victim Rights Board, we use the spelling set forth in WIS. STAT. § 15.255(2) (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version.

underlying alleged misconduct in the investigation or the shooting itself.[2] The Board issued its decision without holding an evidentiary hearing because it concluded there were no material facts in dispute regarding the parties' interactions. *See* WIS. STAT. § 227.42(1)(d) (setting forth the criteria for a "contested case" with the right to a hearing). The Board's order and an attached notice of rights form informed Beckman, among other things, that: (1) he had the right to file a petition for judicial review within 30 days of the Board's decision; (2) a petition for judicial review would need to be served upon all parties "not later than 30 days after filing the petition in circuit court"; (3) he had a right to seek a rehearing from the Board within 20 days based upon an alleged material error of fact or law; and (4) a timely request for a rehearing would postpone the time to seek judicial review until 30 days after an order denying a rehearing.

¶4 Beckman filed a petition for a rehearing on November 16, 2023. The following day, the Board's Operations Director advised Beckman, in writing, that he was not entitled to a rehearing because the matter had been decided without an evidentiary hearing in the first place. Beckman then filed a petition for judicial review on November 27, 2023, designating himself as the alleged victim's "lawful representative." Beckman mailed the petition to the Board on December 7, 2023.

¶5 The Board moved to dismiss the petition for judicial review on the ground that Beckman was not personally aggrieved by the Board's probable cause determination. The Attorney General and the DOJ Administrator moved to dismiss the petition on the ground that it had not been timely served, depriving the circuit

---

[2] Beckman characterizes his interactions with DOJ officials as attempts to report criminal activity by Kenosha County officials, of which the killed man's father was a victim. We do not resolve the parties' dispute over whether the father qualified as a victim for the purposes of his complaint to the Board because the merits of the Board's probable cause determination are not before us on this appeal.

court of competence to proceed. The court granted both motions and dismissed the petition. Beckman appeals the dismissal order.

## DISCUSSION

¶6 We first consider whether the circuit court was competent to proceed. As a general rule, strict compliance with the service requirements set forth in WIS. STAT. ch. 227 is required to provide a circuit court with the competence to proceed with judicial review of an administrative decision. *Laughing Cow, LP v. DOR*, 2024 WI App 15, ¶16, 411 Wis. 2d 299, 4 N.W.3d 625. The Wisconsin Supreme Court has recognized an exception to the strict compliance requirement, however, when the lack of compliance is attributable to "faulty procedures" of the court or the administrative agency from whose decision review is being sought. *Evans v. Bureau of Loc. & Reg'l Plan.*, 72 Wis. 2d 593, 597, 241 N.W.2d 603 (1976) (reaffirming the central holding of *Hamilton v. Department of Industry, Labor and Human Relations*, 56 Wis. 2d 673, 203 N.W.2d 7 (1973), although distinguishing its facts). Whether a petition for judicial review under ch. 227 was timely filed is a question of law that we review de novo. *Laughing Cow*, 411 Wis. 2d 299, ¶16.

¶7 Under WIS. STAT. § 227.53(1)(a)2m., "[p]etitions for review of cases other than contested cases shall be served and filed within 30 days after personal service or mailing of the decision by the agency." However, the time for filing a petition for judicial review shall not begin to run until the agency has provided the party with notice of the right to judicial review, the time allowed for filing a petition for judicial review, and an identification of the proper party to be named as a respondent. WIS. STAT. § 227.48(2).

¶8 Here, the Board provided Beckman with a notice form erroneously stating that he would have 30 days after filing a petition for judicial review to serve

the petition on the parties. Even assuming that the flawed notice was sufficient under WIS. STAT. § 227.48(2) to start the time for Beckman to file a petition for judicial review, we agree with Beckman that providing such blatant misinformation to a pro se party triggers the *Hamilton* exception to the strict compliance requirement. Beckman filed his petition within 30 days of the Board's decision and plausibly alleged that he also would have served it in a timely manner but for the flawed notice he was provided by the Board about when service was required. Therefore, under the narrow circumstances of this case, we conclude that the circuit court did not lose competency to hear the petition when Beckman served the parties several days late.[3]

¶9      We next address the question of standing. Judicial review of an administrative decision is available only to a person who is aggrieved by the decision. WIS. STAT. § 227.56(3). Beckman acknowledges that he is not personally aggrieved by the Board's decision, but he contends that he has constitutional standing to pursue the matter as the "lawful representative" of a Marsy's Law victim. Beckman asserts that he has been working on the victim's behalf as a volunteer since 2010; that he confers with the victim regularly about this proceeding and "nearly every aspect of his son's case"; and that the victim would agree that Beckman is his representative.

¶10      Marsy's Law, however, authorizes the lawful representative of a person against whom a crime has been committed to act on that person's behalf in

---

[3] Given our decision that the misinformation about service in the Board's notice form triggered an exception to strict compliance, we need not address Beckman's additional argument that the form also provided misinformation about the availability of the rehearing procedure following a noncontested case where no initial hearing had been held.

court[4] only if that person is: deceased; physically or emotionally unable to exercise his or her own rights; a minor; or adjudicated incompetent. WIS. CONST. art. I, § 9m(1)(a). Beckman has not alleged that any of these four preconditions for lawful representation under Marsy's Law exist here. Therefore, Beckman does not have constitutional standing under Marsy's Law to act on the victim's behalf in court. Because Beckman also is not personally aggrieved by the Board's decision, the circuit court properly dismissed Beckman's petition for judicial review for lack of standing.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[4] A separate statutory provision allows a complainant before the Crime Victims Rights Board to be represented by an advocate in the administrative proceedings. WIS. ADMIN. CODE § CVRB 1.11(2) (through Nov. 2024).