**UNITED STATES of America,
Appellee,**

v.

**Alfred Lee SIMMONS, Appellant.**

**No. 72–2174.**

United States Court of Appeals,
Ninth Circuit.

March 12, 1973.

Michael D. Nasatir, of Nasatir, Sherman & Hirsch, Beverly Hills, Cal., for appellant.

William D. Keller, U. S. Atty., Eric A. Nobles, John K. Cameron, Jr., Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before MERRILL and CHOY, Circuit Judges and ENRIGHT,* District Judge.

ENRIGHT, District Judge:

The appellant, Alfred Lee Simmons, was found guilty after jury trial for a knowing failure to report for induction into the armed forces of the United States. On this appeal, he raises four principal issues as grounds for reversal. He argues: (a) that he was denied due process when, after the originally assigned judge took ill, in apparent contra-

vention of the applicable Local Rules, his case was specifically assigned to the trial judge rather than being reassigned through the criminal calendar or to a new judge selected at random; (b) that his selective service file was improperly introduced into evidence and thereby led to subsequent prejudice; (c) that the trial judge erred in his instructions to the jury; (d) that the evidence was insufficient to establish the offense.

## THE FACTS

The Government introduced Simmons' Selective Service file into evidence over objection and rested. The file showed that on June 7, 1966, Simmons was classified 1-A and a notice of classification was mailed to him. Subsequently, he was reclassified 1-Y, because he was on active probation at that time. Later, he was again classified 1-A. Eventually, the Local Board mailed to appellant an order to report; his failure so to do resulted in his conviction.

After introduction of the file into evidence, the trial judge permitted the Assistant United States Attorney during his case in chief to point out and comment upon portions of the file, again over objection.

A motion for acquittal at the conclusion of the government's case was denied. In his case, Simmons relied upon the testimony of his mother, Ms. Dorothy Jean Simmons. Ms. Simmons testified that she picked up letters from her home over the noon recess during the day of the trial. She did not know what documents these letters contained but the envelopes contained indications that they were from the Selective Service. The seven envelopes which she had brought were numbered A through G for identification by the defense. All the exhibits were and had remained sealed. In open court, Ms. Simmons opened Exhibit A and found the letter ordering appellant to report. She further testified that she did not know

---

* The Honorable William E. Enright, United States District Judge for the Southern District of California, sitting by designation.

what date she had received Exhibit A, but estimated about one year prior. She explained that she had in 1970 or 1971 forwarded a quantity of mail to the appellant and was surprised that she still had the exhibits in her possession. Finally, she testified that her son had not lived at home since reaching 17 years of age but maintained her home as a mailing address. The Court instructed the jury pursuant to Selective Service regulations, and the defense objected.

## THE ISSUES

### A. The Selection of the Trial Judge

After the original assigned judge took ill, appellant's case was specifically assigned to the trial court. Appellant contends that he had an absolute right to a random selection of a judge and that the process followed by the court in this instance was in violation of Rule 2(f) of the Local Rules of the Central District of California,[1] and General Order No. 104(H).[2] Arguing that these rules were promulgated to ensure fairness and to remove any suspicion of unethical conduct, appellant would have

us conclude that the failure of the judicial system to follow its own regulations when dealing with criminal defendants is a denial of due process. For this contention, appellant would have us rely upon Briggs v. United States, 397 F.2d 370 (9th Cir. 1968). *Briggs* concerned the failure of armed forces personnel to comply strictly with an Army Regulation requiring a physical inspection at induction. But, even assuming that noncompliance with Army Regulations is apposite with noncompliance with court rules, this Circuit has subsequently held that noncompliance per se is not the determinant but rather prejudice to the defendant. United States v. Jenson, 450 F.2d 1258, 1261 (9th Cir. 1971). We are not convinced that in this particular circumstance, the assignment of the trial court prejudiced the defendant as a matter of law. Further, we cannot be unmindful that Local Rules are promulgated by District Courts primarily to promote the efficiency of the court, and that the court has a large measure of discretion in applying them. Lance, Inc. v. Dewco Services, Inc., 422 F.2d 778, 784 (9th Cir. 1970). On the record be-

---

1. (f) *Transfer in Cases of Prolonged Illness or Unavoidable Absence*—In order to prevent excessive delay in the disposition of causes in the court, this court may, in the event of prolonged illness, disability, or other unavoidable absence of any judge, transfer from the calendar of such absent judge any case or cases pending on the calendar of such unavoidably-absent judge, whenever the court may deem such action necessary in the interest of expediting the business of the court. A transfer of a civil case shall be accomplished by the drawing of a judge's name by the clerk by the same method used to assign civil cases. The transfer of a criminal case shall be accomplished by referring it to the judge in charge of the criminal calendar for the drawing of a judge's name from the cards used to assign criminal cases. No transfer shall be made pursuant to this Rule except when some judge of the court shall be absent for a period of thirty days or more solely because of illness, disability, or other cause beyond the control of such absent judge.

2. H. *Procedure When Assignment Cards of Absent Judges Are Drawn*—When a

judge is absent from the District, ill, or on vacation for more than two successive Mondays, he may instruct the Arraignment Calendar Magistrate that no cases are to be assigned to him during the period of his absence, or that defendants in cases assigned to him are to be instructed to appear before him on a certain date for entering a plea and setting for trial, or that only cases in which the defendants are on bond shall be assigned to him, and other appropriate instructions. The Arraignment Calendar Magistrate shall follow the instructions as closely as reasonably possible. When an assignment card of an absent judge is drawn and the absent judge has instructed that no case be assigned to him in the circumstances, the card will be put aside and held until the return of the absent judge. An appropriate notation shall be made on the card, including the date upon which it was drawn, the number on the calendar and the case number. When the absent judge returns, a notation shall be made on the card that it has been returned to the wheel on a certain date, the card shall again be placed in the wheel in a sealed envelope as before.

fore us, we cannot determine that the Central District of California abused that discretion.

### B. *Introduction and Comment upon the File*

■ At trial, defense counsel objected to the introduction of appellant's Selective Service file on grounds of hearsay. It cannot be doubted that a properly authenticated [3] selective service file may be received into evidence in this Circuit as an exception to the hearsay rule. *E. g.*, United States v. Grans, 472 F.2d 597 (9th Cir. 1972).

■■ The appellant also asserts that comments concerning the file by the Assistant United States Attorney permitted by the trial judge over defense objections were prejudicial. Specifically, the Government explained that appellant had been classified 1-Y because he had been on active probation for committing a criminal offense. We agree with appellant that such explanation was irrelevant to his guilt or innocence on the charge of failing to report for induction. Appellant then argues that such admission is prejudicial since a defendant's criminal record cannot be brought before the jury unless the defendant takes the stand or he places his character in issue—and then only felony convictions can be introduced to impeach. We tend to agree with appellant's position, but since the improper instruction requires reversal, we need not decide whether such erroneous comment was indeed prejudicial in this particular instance.

### C. *Instruction As to Notice*

■ The Government requested the court to instruct the jury pursuant to 32 C.F.R. § 1641.3, which provides:

> It shall be the duty of each registrant to keep his local board advised at all times of the address where mail will reach him. The mailing of any order, notice, or blank form by the local board to a registrant at the address last reported by him to the local board *shall constitute notice to him of the contents of the communication, whether he actually received it or not.*

(Emphasis added.) Responding to the defense objection that the quoted instruction is violative of due process, the trial judge stated:

> The answer to that is that on the basis of the facts, uncontroverted facts given here that *as a matter of law the notice was duly given,* that is what I propose to instruct the jury.

(Emphasis added.) [4]

The Third Circuit has considered this same issue. The court there concluded that:

> The regulation in effect creates an "irrebuttable or conclusive presumption" that mail sent is received. Such a presumption would make irrelevant any evidence the defendant-appellant did offer or might have offered to prove he did not receive the forms.

---

3. In his brief, appellant first urges an objection based upon an alleged lack of authentication. While the new Federal Rules of Evidence shall not take effect per se until July 1, 1973, we nevertheless prefer to look toward the rules for guidance in determining the question raised. It would seem that a certified selective service file would be a prime example of self-authentication. Rule of Evidence 902(4), 56 F.R.D. 183, 337.

4. The matter was discussed in depth prior to argument outside the presence of the jury:

> Mr. Nasatir: Just to avoid any problems, to get it all out in the open, just so that I know what my duties are, will I be allowed to argue [that notice was] duly given or not?
>
> The Court: The answer to that is that on the basis of the facts, uncontroverted facts given here that as a matter of law the notice was duly given, that is what I propose to instruct the jury.
>
> Mr. Nasatir: I am just trying to get it clear, your Honor, so I will not further anger this Court. Will I be precluded then from arguing that as a defense?
>
> The Court: I just told you, Mr. Nasatir, that I propose [to] instruct the jury that based upon the uncontradicted evidence in the record that as a matter of law I am going to instruct the jury that the notice was duly given.

Even if we were not dealing with the regulation that involved the critical issue of notice, the regulation cannot stand. We believe the regulation to be unconstitutional as violative of the due process clause of the Fifth Amendment insofar as it purports to establish such an irrebuttable presumption.

United States v. Bowen, 414 F.2d 1268, 1273 (3d Cir. 1969) (footnote omitted.) The *Bowen* court also wrote:

Having determined that it was improper for the lower court to cite in its charge to the Selective Service mail regulation, 32 C.R.F. § 1641.3, in any way that clearly made it seem to be an irrebuttable presumption, we are compelled to reverse the conviction because of the possibility that this portion of the charge may have been at the root of the jury's verdict.

*Id.* at 1277.

Similarly, the reasoning of District Judge Motley is compelling:

The government's interpretation of the regulation must be rejected out of hand. It would be truly shocking if such an "irrebuttable presumption" concerned with a simple evidentiary matter, could be constructed to send a man to jail. The government cited neither cases, nor administrative rulings, to support such a draconian reading of 32 C.F.R. § 1641.3.

United States v. Smith, 308 F.Supp. 1262, 1263 (S.D.N.Y.1969).

The impact of the regulation and the instruction given, in effect, bootstraps mailing into receipt and receipt into notice. We, therefore, agree with the appellant that the instruction as given was violative of due process and the conviction obtained from the jury so charged must be reversed, especially here where evidence indicated that notice was never received by the appellant and in fact the envelope was first opened in open court.

### D. *Insufficiency of the Evidence*

Finally, appellant asserts that the evidence as presented in this case would be insufficient to sustain the conviction. With this we disagree. While 32 C.F.R. § 1641.3 is void if construed as a "conclusive" presumption, we hold that it may properly be applied to create a rebuttable presumption. Given the circumstances of the introduction of the letters, that is, their alleged unknown whereabouts for a year's time only to be discovered within the lunch hour of the day of trial, it is entirely possible that the triers of fact may have inferred that despite their never having been delivered to the appellant, appellant knew, or had reason to believe, that he had been ordered to report.

In conclusion, because of the erroneous instruction, we reverse.