**UNITED STATES of America,
Plaintiff,**

v.

**Ray FREEMAN, Defendant.**

**No. 73-CR-74.**

United States District Court,
E. D. Wisconsin.

Nov. 17, 1975.

William J. Mulligan, U. S. Atty., by D. Jeffrey Hirschberg, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

James A. Walrath, Milwaukee, Wis., for defendant.

DECISION AND ORDER

REYNOLDS, Chief Judge.

This is a prosecution for violation of the Military Selective Service Act of 1967, 50 U.S.C.App. § 462, and the Regulations, for failure to report for induction into the Armed Forces.

The defendant executed a waiver of jury trial in open court on February 11, 1974. The Government introduced into evidence a stipulation of facts and a copy of the defendant's Selective Service cover sheet. Both parties have submitted the case to the Court for decision on the stipulation, cover sheet, and briefs.

For the reasons stated below, the defendant's motion for acquittal must be denied and defendant found guilty of the offense charged in the indictment.

On October 26, 1970, defendant Freeman registered with Milwaukee County Local Board No. 44, Selective Service System ("Board"), and listed his mailing address as 3364 North Third Street, Milwaukee, Wisconsin. On December 9, 1970, defendant was classified by the Board as Class I–A. Notice of classification was mailed by the Board to defendant the following day.

Defendant's cover sheet and the stipulated facts before the Court indicate that on January 13, 1971, February 4, 1971, and March 5, 1971, the Board mailed to defendant Selective Service System Form 223 ("Order to Report for Armed Forces Physical Examination"). These forms were forwarded to the Third Street address, and defendant later acknowledged their receipt. On March 5, 1971, the Board also mailed to defendant Selective Service System Form 127 ("Current Information Questionnaire"). The questionnaire was completed and returned to the Board on March 22, 1971. It stated that defendant's current mailing address was 3364 North Third Street, Milwaukee. Eight days later, on March 30, 1971, the Board mailed to the defendant Selective Service System Form 252, an "Order to Report for Induction" ("Order"), requiring defendant to report on April 16, 1971. The Order was also mailed to defendant's Third Street address and was not returned to the Board by the Post Office. The defendant failed to report for induction as ordered, forming the basis of this prosecution.

Defendant Freeman maintains that he never received the Order and therefore, he argues, this Court cannot find beyond a reasonable doubt that he received the Order, had actual knowledge of his duty to report on April 16, 1971, but willfully and knowingly failed to do so. Defendant has on two occasions informed agents of the Federal Bureau of Investigation that he is not trying to "dodge the draft" and would serve in the Armed Forces if ordered to do so by his draft board, and if he could pass the physical examination.

Section 462(a), 50 U.S.C.App., makes it a criminal offense to knowingly fail or neglect to perform any duty created by the Military Selective Service Act of 1967 or the rules and regulations made thereunder. The relevant regulations in effect in March and April of 1971 provided in part:

"When the local board orders the registrant for induction it shall be the duty of the registrant to report for induction at the time and place ordered by the local board. * * *" 32 C.F.R. § 1632.14(a) (1972).

"It shall be the duty of each registrant to keep his local board advised at all times of the address where mail will reach him. The mailing of any order, notice, or blank form by the local board to a registrant at the address last reported by him to the local board shall constitute notice to him of the contents of the communication, whether he actually receives it or not." 32 C.F.R. § 1641.3 (1972).

Read literally, § 1641.3 creates an irrebuttable or conclusive presumption that all communications mailed by a draft board to a registrant are received. Under such a presumption, there are no facts a registrant could prove which would permit a finding of nonreceipt once a communication is shown to have been mailed. Such an interpretation constitutes an unconstitutional violation of the due process clause of the Fifth Amendment and must be rejected.

*United States v. Bowen*, 414 F.2d 1268, 1273 (3d Cir. 1969); *United States v. Perry*, 474 F.2d 983 (10th Cir. 1973) (per curiam); *United States v. Simmons*, 476 F.2d 33, 37 (9th Cir. 1973); *United States v. Lake*, 482 F.2d 146 (9th Cir. 1973); *United States v. Smith*, 308 F.Supp. 1262 (S.D.N.Y.1969).

■ Yet, though the conclusive presumption suggested by the regulation is not available to the Government, proof of mailing the Order does permit a rebuttable presumption that the defendant Freeman received it. *United States v. Bowen*, supra. The Ninth Circuit stated in *United States v. Simmons*, 476 F.2d 33, 37 (9th Cir. 1973):

"* * * While 32 C.F.R. § 1641.3 is void if construed as a 'conclusive' presumption, we hold that it may properly be applied to create a rebuttable presumption. * * *"

Such a holding merely incorporates the common law presumption that mail sent is received. *Hagner v. United States*, 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861 (1932); *Rosenthal v. Walker*, 111 U.S. 185, 4 S.Ct. 382, 28 L.Ed. 395 (1884).[1]

■ The fact that the Order was mailed is not contested by the defendant. Thus, the effect of the rebuttable presumption contained in 32 C.F.R. § 1641.3 is to shift to the defendant the burden of going forward with evidence showing that the nonreceipt of the Order is more likely than its receipt.[2]

■ The only evidence offered by defendant to rebut the presumption is his self-serving assertion that he never received the Order. In the weeks preceding the mailing of the Order, the record shows that other communications forwarded by the Board to the Third Street address were received by defendant. Defendant returned his "Current Information Questionnaire" only eight days before the Order was mailed, giving the Third Street address as his current mailing address. Approximately one year later, in an interview with an F. B. I. agent, defendant stated that he had been residing at his mother's address, 3364 North Third Street. No evidence has been produced to show that the Post Office did not deliver the Order or that it was returned to the Board unopened. Thus, on all the evidence, I conclude that defendant's naked statement denying receipt of the Order is insufficient to rebut the presumption that he received it. *United States v. Abrams*, 476 F.2d 1067 (7th Cir. 1973).[3]

■ It is this Court's judgment that the evidence in this case is sufficient to establish beyond a reasonable doubt that defendant willfully and knowingly failed to report for induction and must therefore be found guilty of the offense charged in the indictment.

1. In *Rosenthal*, the Supreme Court said:
"The rule is well settled that if a letter properly directed is proved to have been either put into the post-office or delivered to the postman, it is presumed, from the known course of business in the post-office department, that it reached its destination at the regular time and was received by the person to whom it was addressed. * * * *Huntley v. Whittier*, 105 Mass. 392. As was said by Gray, J., in the case last cited, 'The presumption so arising *is not a conclusive presumption of law*, but a mere inference of fact founded on the probability that the officers of the government will do their duty and the usual course of business, and when it is opposed by evidence that the letters never were received, must be weighed with all the other circumstances of the case, by the jury in determining the question whether the letters were actually received or not.' " (Emphasis added.) 111 U.S., at 193–194, 4 S.Ct. at 386.

2. The burden of going forward with evidence should not, of course, be confused with the Government's ultimate burden of proving defendant guilty of the offense charged beyond a reasonable doubt.

3. Moreover, defendant certainly had actual notice of his continuing duty to report for induction when he was interviewed by a special agent of the F.B.I. This fact alone, coupled with defendant's subsequent failure to report, would be sufficient to sustain a conviction for willfully failing to report for induction. *United States v. Abrams*, 476 F. 2d 1067 (7th Cir. 1973).

It is therefore ordered that (1) the probation department prepare a presentence report, and (2) that defendant appear in open court at a time to be set by the clerk for an adjudication of guilt followed by sentencing after the Court has had an opportunity to study the presentence report.