Charlene SOLBERG, Plaintiff,

v.

SECRETARY OF the DEPARTMENT OF HEALTH & HUMAN SERVICES, Defendant.

No. 83–C–260.

United States District Court, E.D. Wisconsin.

April 25, 1984.

---

**4.** 9 U.S.C. §§ 9, 10(a)–(c), 11(a) (1976).

**5.** *Id.* § 10; *Wright-Austin Co. v. International Union,* 422 F.Supp. 1364, 1370–71 (E.D.Mich. 1976).

Legal Action of Wisconsin by Mary All-hiser, Kenosha, Wis., for plaintiff.

Joseph P. Stadtmueller, U.S. Atty. by Melvin K. Washington, Asst. U.S. Atty., Milwaukee, Wis., for defendant.

### DECISION and ORDER

MYRON L. GORDON, Senior District Judge.

The plaintiff filed this action appealing the defendant's dismissal of her request for a hearing to reconsider the termination of her disability benefits. The defendant has now moved for summary affirmance of the Secretary's decision, and the plaintiff has responded with motions to compel certification of the record, for an evidentiary hearing, and for a remand to the Secretary. The defendant's motion will be granted; the plaintiff's motions will be denied.

The defendant Secretary of Health and Human Services (HHS) determined on November 21, 1974, that the plaintiff was disabled and entitled to disability payments under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401 et seq. and 42 U.S.C. § 1381 et seq. A review of the plaintiff's status, including a psychiatric examination, was conducted in late 1979. By notices (one each for Title II and Title XVI eligibility) dated November 7, 1979, HHS allegedly informed the plaintiff that she was no longer considered disabled and that she would receive her last payment after two months. Despite its intention to terminate payments to the plaintiff, the agency continued to send checks through April 1982.

In April 1982, HHS apparently discovered its error. By its letter dated April 16, 1982, HHS instructed the plaintiff to destroy her health insurance card since she was not eligible for benefits. A letter dated April 26, 1982, requested that the plaintiff refund to HHS $6,766.70 for payments received from December 1979 until April 1982. The plaintiff received no disability payments after April 1982.

On May 17, 1982, the plaintiff filed a request for a hearing and reconsideration of HHS' decision to terminate her benefits. Under 20 C.F.R. § 404.909(a)(1), such a re-

quest must be filed within sixty days of receipt of the termination notice. The plaintiff attempted to treat the April 16, 1982, notice as her termination notice, alleging that she never received the original termination notices dated November 7, 1979. An administrative law judge (ALJ) dismissed the plaintiff's request for a hearing and reconsideration as untimely, refusing to accept the plaintiff's allegation that she never received the November 7, 1979, notices.

In determining that the plaintiff had, in fact, received the original notices, the ALJ found that (1) there was clear evidence that the notices had been sent, (2) the plaintiff knew in late 1979 that her status was being reviewed and submitted to an examination for purposes of that review, and (3) the plaintiff's address had not been changed since she began collecting benefits in 1974, and she had never failed to receive her checks during that period. On December 17, 1982, the appeals council upheld the ALJ's dismissal of the plaintiff's request.

The plaintiff's complaint originally raised four claims: (1) the Secretary denied the plaintiff due process when he enforced an appeal deadline based on "right to appeal" notices which the plaintiff claims never to have received, (2) the April 1982 notices were formally deficient, (3) the April 1982 notices extended the appeal deadline, and (4) the Secretary's determination that the plaintiff's disability had ended in October 1979 was not supported by substantial evidence.

By a decision and order dated October 31, 1983, I dismissed the plaintiff's latter three claims on the ground that the court lacked jurisdiction to consider them. The district court's jurisdiction to review the Secretary's decisions is clearly limited under the statutes:

"Any individual, after any final decision of the Secretary made after a hearing to which he was a party ... may obtain a review of such decision by a civil action...."

42 U.S.C. § 405(g).

"The findings and decision of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or government agency except as herein provided."

42 U.S.C. § 405(h).

None of the three dismissed claims was reviewable because none was a final decision after a hearing. The court has jurisdiction to consider the plaintiff's first claim, however, under an exception to § 405(g) recognized by the Supreme Court in *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). In *Mathews*, the Court held that the district court has authority to review decisions challenged on constitutional grounds, even though no administrative hearing has been held. Accord, *Califano v. Sanders*, 430 U.S. 99, 109 (1977).

The plaintiff claims that the Secretary's decision to dismiss her request for a hearing violated due process because the Secretary relied on a presumption that the plaintiff received notices of termination in finding that the plaintiff's request was untimely. The secretary's decision is reviewable under *Mathews*.

It is settled that the mailing of a letter creates a presumption that the letter was delivered. *Hagner v. United States*, 285 U.S. 427, 430, 52 S.Ct. 417, 418, 76 L.Ed. 861 (1932); *McPartlin v. Commissioner*, 653 F.2d 1185, 1191 (7th Cir.1981). Such a presumption may not, however, be given conclusive effect without violating the due process clause. *United States v. Simmons*, 476 F.2d 33, 37 (9th Cir.1973); *United States v. Bowen*, 414 F.2d 1268, 1273 (3d Cir.1969). A rebuttable presumption, which merely shifts to the challenging party the burden of presenting credible evidence of non-receipt, is constitutional. *United States v. Freeman*, 402 F.Supp. 1080, 1082 (E.D.Wis.1975).

The Secretary dismissed the plaintiff's request for a hearing on the ground that the request was not made within sixty days

after the date she received notice, as required by 20 C.F.R. § 404.933(b)(1). This determination of untimeliness was based on the presumption under attack:

" 'Date after you receive notice' means 5 days after the date on the notice, unless you show us that you did not receive it within the 5-day period."

20 C.F.R. § 404.901

The phrase "unless you show us that you did not receive it" clearly makes the presumption of receipt rebuttable. Accord, *Sinatra v. Heckler,* 566 F.Supp. 1354, 1358 (E.D.N.Y.1983), (also construing § 404.901). The rule itself is, therefore, consistent with due process. Unless the Secretary incorrectly gave the presumption conclusive effect, the plaintiff's rights have not been violated.

The ALJ's finding that the November 7, 1979, termination notices had been mailed was based on the fact that the plaintiff's file contained two handwritten notices, initialed and dated, indicating that the notices were mailed. Carbon copies of the notices were also in the file. If the ALJ had applied a conclusive presumption of receipt, he would have concluded on the basis of the mailing alone, without regard to other evidence, that the plaintiff received the notices.

It is apparent from the ALJ's written decision dated August 6, 1982, that he considered the evidence proffered by the plaintiff to rebut the presumption of receipt of notice. The ALJ explicitly considered the plaintiff's allegation of non-receipt and rejected it on the grounds that the plaintiff had always received her checks, had not changed her address, and had reason to expect a new disability decision based on the reevaluation of her status conducted with her cooperation in late 1979.

The sole evidence rebutting receipt of the notices were the self-serving allegations of the plaintiff and her father. Such evidence is not sufficient to permit the court to reject the Secretary's finding that the plaintiff failed to overcome the presumption that the properly mailed letter had been duly delivered to the plaintiff. *Unit-*

*ed States v. Freeman,* 402 F.Supp. 1080, 1082 (E.D.Wis.1975). Thus, neither the challenged regulation nor the Secretary's application of it in the plaintiff's case denied the plaintiff her right to due process. While it is certainly possible that the plaintiff never received the November 7, 1979, notices, the presumption employed by HHS here is a necessary one, and government could not function if a plaintiff could automatically overcome it with the evidence proffered by the plaintiff here.

Therefore, IT IS ORDERED that the defendant's motion for summary affirmance of the Secretary's decision be and hereby is granted.

IT IS ALSO ORDERED that the plaintiff's motions for certification of the record, an evidentiary hearing and summary remand be and hereby are denied.

IT IS FURTHER ORDERED that this action be and hereby is dismissed.