Joseph MULLEN, Trace Mullen, and Steve Feldt, Plaintiffs-Appellants,

v.

Ronald BRAATZ, Defendant-Respondent.

Court of Appeals

*No.  93–2076.  Submitted on a motion August 27,
1993.—Decided October 26, 1993.*

(Also reported in 508 N.W.2d 446.)

For the plaintiffs-appellants, the cause was submitted on the brief in opposition to motion of *Michael D. Schwartz* and *Steven H. Gibbs* of Hopkins, MN.

For the defendant-respondent, the cause was submitted on the brief in support of motion of *Douglas M. Johnson* of Eau Claire.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J. Joseph Mullen, Trace Mullen and Steve Feldt (Mullen) appeal a judgment dismissing their complaint against Ronald Braatz. Braatz moves to dismiss the appeal, contending that we are without jurisdiction because the notice of appeal was not timely filed. Braatz contends that he mailed a notice of entry of judgment, thus shortening the time for filing a notice of appeal to forty-five days. He argues that it is immaterial whether Mullen actually received it because service is complete upon mailing.

We conclude that the presumption that mail sent is received is rebuttable. Therefore, service is complete upon mailing unless the recipient can demonstrate that the mailed notice was not actually received. This issue requires a factual determination whether Mullen actually received the notice of entry of judgment and we must remand the matter to the trial court for further proceedings.

Judgment was entered on May 7, 1993. On May 11, Braatz filed a notice of entry of judgment with the clerk of court and claims to have sent a copy to Mullen. On August 4, Mullen filed the notice of appeal with the trial court. Braatz moved to dismiss the appeal based upon his affidavit that he served the notice of entry of judgment by mail thus shortening the time for initiat-

751

ing an appeal to forty-five days. *See* sec. 808.04(1), Stats.

Mullen replied by various affidavits that he never received the notice of entry of judgment. His attorney of record attested that no notice of entry of judgment had been received. His counsel's legal secretary affirmed that she had no recollection of the notice being received. Also, an associate counsel attested that he reviewed all pleadings and correspondence and had not found the notice of entry of judgment or related correspondence.

Relying on *Soquet v. Soquet,* 117 Wis. 2d 553, 345 N.W.2d 401 (1984), Braatz argues that because he mailed the notice of appeal, service is complete. Consequently, he concludes that any proof of non-receipt is immaterial. Braatz also relies on *Boeck v. State Highway Comm'n,* 36 Wis. 2d 440, 153 N.W.2d 610 (1967), for the proposition that service is complete upon mailing and the addressee bears the risk of non-delivery.

Mullen does not dispute that the notice was mailed. Rather, Mullen argues that he is entitled to an opportunity to show whether it was received. Mullen contends that for the purposes of sec. 808.04(1), Stats., service is complete upon mailing unless the intended recipient can demonstrate that the notice was not received. We agree.

A timely notice of appeal is a prerequisite to our jurisdiction. Section 809.10(1)(b), Stats. With exceptions not relevant here, an appeal to the court of appeals must be initiated within forty-five days of entry of the judgment if written notice of entry of judgment is properly given, or ninety days if it is not. Section 808.04(1), Stats. To "give" notice of appeal has been held to be synonymous with "service" of the notice.

752

*Soquet,* 117 Wis. 2d at 557, 345 N.W.2d at 403. Under sec. 801.14(2), Stats., "[s]ervice by mail is complete upon mailing."

However, "[s]tatutes giving the right of appeal are liberally construed, and an interpretation which will work a forfeiture of that right is not favored." *Soquet,* 117 Wis. 2d at 560, 345 N.W.2d at 404. Also, if a statute is open to more than one reasonable construction, the construction that will accomplish the legislative purpose and avoid unconstitutionality must be adopted. *Madison Metro. Sewerage Dist. v. Stein,* 47 Wis. 2d 349, 357, 177 N.W.2d 131, 135-36 (1970).

The mailing of a letter creates a presumption that the letter was delivered, but such presumption may not be given conclusive effect without violating the due process clause. *See Solberg v. Secretary of DH&SS,* 583 F.Supp. 1095, 1097 (E.D. Wis. 1984). A rebuttable presumption, which merely shifts to the challenging party the burden of presenting credible evidence of nonreceipt, is constitutional. *Id.* In *Reeves v. Midland Cas. Co.,* 170 Wis. 370, 377, 174 N.W. 475, 477 (1919), our supreme court ruled that the proof of mailing raised a presumption of receipt and, together with testimony that the notice was not received, created a question of fact.

We do not read *Boeck* as broadly as Braatz suggests. *Boeck* held that the addressees bore the risk of nondelivery because "[t]he only reason they did not 'receive' the jurisdictional offer is because Mrs. Boeck refused to accept it from the postman." *Id.* at 446, 153 N.W.2d at 613. Our supreme court concluded that the appellant could not complain of defective service by mail because service was effective upon mailing. *Id.* at

753

444-45, 153 N.W.2d at 612. In so holding, the court discussed rulings from various jurisdictions to the effect that service by mail is complete upon mailing. *Id.* at 445, 153 N.W.2d 612-13. *See also Carter v. McGowan,* 524 F.Supp. 1119, 1121 (D.C. Nev. 1981) (mailing to plaintiff at his last known address constituted service); *Freed v. Plastic Packaging Materials, Inc.,* 66 F.R.D. 550, 551 (E.D. Pa. 1975); 31A C.J.S. *Evidence* § 136 (1964); 58 Am.Jur.2d *Notice* § 34 (1989) (day of deposit is the effective date of mailing). Here, nothing in the record indicates that Mullen may have refused or avoided the delivery of the notice.

To the extent these authorities could be interpreted to permit a conclusive presumption, they cannot control. We must adopt a reasonable construction of a statute that will avoid unconstitutionality. *Madison Metro.,* 47 Wis. 2d at 357, 177 N.W.2d at 135-36. In *United States v. Bowen,* 414 F.2d 1268, 1273-77 (3d Cir. 1969), the court of appeals discussed the effect of a presumption that mail sent is received, concluding that no legislature "may make the proof of one fact conclusive proof of another fact in any proceeding, civil or criminal, to the detriment of a private party." *Id.* at 1273.

> The Legislature does not possess the power to declare what shall be conclusive evidence of a fact as such a declaration would be an invasion of the power of the judiciary.

*Id.* at 1275 (quoting *Carolene Products Co. v. McLaughlin,* 5 N.E.2d 447, 450 (Ill. 1936)). The court further stated:

> This court has held more than once that a statute creating a presumption which operates to deny a

fair opportunity to rebut it violates the due process
clause of the Fourteenth Amendment.

*Id.* at 1275-76 (quoting *Heiner v. Donnan,* 285 U.S. 312,
329 (1932)). The court emphasized that what was
defective about the mail presumption was that it was
conclusive that the mail was received. *Bowen,* 414 F.2d
at 1276. A rebuttable presumption, which places the
burden of proof on the non-recipient to show that the
letter was not actually received, is constitutional. *Id.* at
1276-77.

We recognize that *Bowen* arose out of a criminal
prosecution for failing to report for induction, but con-
clude that its reasoning applies to either a civil or
criminal proceeding. First, it expressly says so. *Id.* at
1273. Second, it relies on authorities arising from civil
as well as criminal proceedings. *See id.* at 1274-76.

*Soquet,* on which Braatz also relies, does not hold
otherwise. In *Soquet,* the appellant's attorney received
a letter from the respondent's attorney stating that
"incidentally, the judgment in this matter was filed" on
a certain date. *Id.* at 555, 345 N.W.2d at 402. The issue
was whether an informal letter constituted written
entry of judgment under sec. 808.04(1), Stats. *Id.* We
concluded that a formal document was required. There
was no claim that the letter was not received.

In *Wisconsin State Employees Union v. Henderson,*
106 Wis. 2d 498, 317 N.W.2d 170 (Ct. App. 1982)
(*WSEU*), on facts similar to those here, we remanded to
the trial court a factual dispute whether notice of entry
of judgment was given. The defendants alleged that
they had given notice of entry of judgment by service by
mail, but the plaintiffs alleged they had never received
it.

Although notice of entry of judgment was "given"
when it was mailed, we concluded that the inquiry did

not end there. *See Bruns v. Muniz,* 97 Wis. 2d 742, 746, 295 N.W.2d 11, 13-14 (Ct. App. 1980).[1] Because the affidavits of the plaintiff's attorney and his secretary unequivocally stated that no notice was received, a factual dispute arose. *WSEU,* 106 Wis. 2d at 501, 317 N.W.2d at 171. *WSEU* did not specify, however, whether the factual inquiry was to determine whether the notice was properly *mailed* or whether it was actually *received.* Therefore, *WSEU* does not resolve the question presented here.

■

Consequently, we conclude that the language "service is complete upon mailing" raises a *rebuttable* presumption that notice was "given" under sec. 808.04(1), Stats., if proofs establish that it was properly mailed. In the event the recipient denies receiving the notice, the issue for the trial court to resolve is whether the addressee actually received the notice of entry of judgment. *See WSEU,* 106 Wis. 2d at 501-02, 317 N.W.2d at 171 (the court of appeals has no jurisdiction to make factual determinations).

We are mindful of the trial court's predicament in resolving a factual issue in which a party has the burden to demonstrate the non-existence of the delivery of mail. *Solberg* ruled that the addressee's bare assertion that she did not receive the notice was insufficient to rebut the presumption that mail properly sent was received. *Id.* at 1097. However, it is the trial court's, not this court's function to assess the weight and credibility of testimony. Section 805.17(2), Stats. We defer to trial court's findings of fact and will not upset them unless they are clearly erroneous. *Id.* Therefore, the

---

[1] *Bruns* does not address the issue of non-receipt of a mailed notice. *Id.* at 745, 295 N.W.2d at 13. Instead, the issue was whether the notice of entry of judgment was timely given.

trial court must weigh the individual facts and circumstances of each case to determine whether notice was actually received.

*By the Court.*—Cause remanded.