In the Interest of Christopher D. L., Jr.:
Eau Claire County Department of Human Services, Petitioner-Respondent,
v.
Christopher D. L., Sr., Respondent-Appellant.
No. 2006AP10.
Court of Appeals of Wisconsin, District III.
August 8, 2006.
HOOVER, P.J.[1]
¶1 Christopher D. L., Sr., pro se, appeals an order denying his motions to dismiss a CHIPS dispositional order and for appointed counsel. Christopher claims that he was not notified of a motion for revision and extension of the dispositional order; that the dispositional order was, in any event, expired, thus depriving the court of competency to proceed; and that he has a right to counsel in the revision proceedings.[2] This court rejects Christopher's arguments and affirms the order.

Background
¶2 In November 2000, the Eau Claire County Department of Human Services filed two petitions alleging Christopher, Jr., and his sister were children in need of protection and services because they had been abused or were at substantial risk of being abused by their father. Counsel was appointed for Christopher, Sr., and the CHIPS petitions were held in abeyance pending the outcome of two criminal cases against Christopher, Sr.
¶3 On March 22, 2002, Christopher was convicted of repeated sexual assault of his daughter and sentenced to eight years' initial confinement and twelve years' extended supervision. On May 1, 2002, he admitted both his children were in need of protective services. On June 5, 2002, he voluntarily consented to a termination of his parental rights to his daughter. Also on June 5, the court held a dispositional hearing for Christopher, Jr.
¶4 On June 10, 2003, a TPR petition regarding Christopher, Jr., was filed. Christopher, Sr.'s parental rights were terminated on September 21, 2004, but the court vacated that order on April 29, 2005. On May 2, 2005, the TPR petition was dismissed. Christopher, Jr.'s CHIPS case, however, was never dismissed. Thus, it became necessary for the circuit court to review his dispositional order and permanency plan.
¶5 The Department filed a request to revise the dispositional order and filed a new permanency plan on April 22, 2005. According to the Department's records, the paperwork would have been sent to multiple recipients, including Christopher, Sr. On May 17, the court reviewed the permanency plan and had a hearing on the requested revisions, granting the request for revisions in the dispositional order and approving the new permanency plan. An order reflecting the changes was entered on May 24, with copies mailed to individuals on the court's distribution list.
¶6 Christopher, Sr., then filed the motions underlying this appeal. He petitioned the court for appointed counsel, then sought dismissal of the CHIPS case involving Christopher, Jr., for lack of jurisdiction and asked that the child be transferred to either Christopher, Sr.'s mother, Alicia W., or his sister, Sophia P., as a result.
¶7 The court denied the motions. Christopher had asserted the court lost jurisdiction because he had not been notified of the Department's petitions for review and revision. The court concluded that Christopher could not overcome the presumption that he had received notice. It also concluded that, in any event, Christopher would be entitled to at most a rehearing, but he had not shown how there would be any change in the outcome. The court also deemed it unnecessary to appoint counsel in part because Christopher was educated and could express himself, because his liberty interests were not at stake, and because the cost to Eau Claire County outweighed the likely benefit to Christopher.

Discussion
¶8 On appeal, Christopher has three arguments. First, he asserts he was denied due process because he was not informed of the Department's motions for review of the permanency plan and revision of the CHIPS order, and because he was not informed of the date of the hearing by the court. Second, he asserts the circuit court had no competency to proceed because the CHIPS order expired with the dismissal of the termination of parental rights proceedings against him. Finally, Christopher asserts the court erred when it declined to appoint him counsel for these proceedings.

I. Notice
¶9 Christopher first asserts he was denied due process because he was not notified of the Department's motions or the hearing time. Notices of both were ostensibly mailed. Mailing a letter creates a rebuttable presumption the letter was delivered and received. State ex rel. Flores v. State, 183 Wis. 2d 587, 612-13, 516 N.W.2d 362 (1994). When a defendant denies receipt of the mailing, "the presumption is spent and a question of fact is raised." Id. at 613. The challenging party, however, must present credible evidence of non-receipt. Id. The matter is then left to the fact-finder to assess the weight and credibility of the evidence and testimony in the matter. Id.; Mullen v. Braatz, 179 Wis. 2d 749, 756, 508 N.W.2d 446 (Ct. App. 1993). We defer to the circuit court's factual findings unless clearly erroneous. WIS. STAT. § 805.17(2); Mullen, 179 Wis. 2d at 756.
¶10 Here, the circuit court noted the Department's request for review and revision "was filed with the Clerk on April 22, 2005 with copies to a wide variety of individuals, including the parent; that is, Christopher ...." The court also noted Christopher had been sent notice of the May 17 hearing date: "the Court file clearly shows a copy of the notice was mailed to [Christopher]" at the correctional facility where he was incarcerated.
¶11 Further, the court observed, Christopher, Sr.'s mother and sister had sent letters to the court expressing an interest in being part of Christopher, Jr.'s life. The first letter was a facsimile transmission received on May 13. The court inferred that Christopher, Sr., must have received his notice and personally informed them of the hearing, as neither woman was on the court's distribution list. Ultimately, the court concluded Christopher had failed to rebut the mailing presumption. Nothing on appeal convinces this court that such a finding is clearly erroneous.
¶12 Even if Christopher had not received notice of either event, the remedy is a new hearing, not loss of the court's jurisdiction. However, Christopher has not shown that anything would change if he were given a new hearing. As the circuit court found, the case materials indicate there was no alternative placement that would meet Christopher, Jr.'s needs. Christopher, Sr., is incarcerated and incapable of taking custody and placement of his son. Neither Alicia W. nor Sophia P. filed formal petitions for the custody of Christopher, Jr., but even if they had, the social worker who interviewed them could not recommend either woman's home as a suitable placement. Christopher, Jr.'s treating physician documented his behavior problems, as well as his psychiatric and medical needsall of which are met within his current placement. Christopher has not provided any evidence that there would be a more appropriate disposition for his son that could be ordered as a result of a new hearing.

II. "Expiration" of the CHIPS order
¶13 Christopher also argues that the underlying CHIPS order terminated when the termination of parental rights petition against him was vacated and dismissed. He relies on WIS. STAT. § 48.368, which states, in relevant part:
(1) If a petition for termination of parental rights is filed ... or an appeal from a judgment terminating or denying termination of parental rights is filed during the year in which a dispositional order ... or an extension order ... is in effect, the dispositional or extension order shall remain in effect until all proceedings related to the filing of the petition or an appeal are concluded. (Emphasis added.)
In other words, Christopher argues that when the proceedings "related to the filing of the petition or an appeal are concluded," the dispositional order should end and the court no longer has competency to proceed.
¶14 Statutory interpretation is a question of law this court reviews de novo. Hutson v. Wisconsin Personnel Comm'n, 2003 WI 97, ¶31, 263 Wis. 2d 612, 665 N.W.2d 212. "Statutory sections found in the same chapter must be read in pari materia and harmonized so as to implement the chapter's goals and policy." Hernandez v. Allen, 2005 WI App 247, ¶23, 288 Wis. 2d 111, 707 N.W.2d 557. Christopher's argument, however, is based on reading WIS. STAT. § 48.368 in isolation.
¶15 WISCONSIN STAT. § 48.355(4) provides, in relevant part:
Except as provided under s. 48.368 ... an order under this section ... made before the child reaches 18 years of age that places or continues the placement of the child [outside the home] ... shall terminate when the child reaches 18 years of age, at the end of one year after its entry, or, if the child is a full-time student at a secondary school or its vocational or technical equivalent and is reasonably expected to complete the program before reaching 19 years of age, when the child reaches 19 years of age, whichever is later, unless the judge specifies a shorter period of time or the judge terminates the order sooner. (Emphasis added.)
Then, WIS. STAT. § 48.365(5) provides, in relevant part:
Except as provided in s. 48.368 ... an order under this section that continues the placement of a child in an out-of-home placement shall be for a specified length of time not to exceed the date on which the child reaches 18 years of age, one year after the date of entry of the order, or, if the child is a full-time student at a secondary school or its vocational or technical equivalent and is reasonably expected to complete the program before reaching 19 years of age, the date on which the child reaches 19 years of age, whichever is later.
Additionally, WIS. STAT. § 48.365(2) prevents the extension of dispositional orders without a hearing.
¶16 Reading WIS. STAT. §§ 48.355(4) and 48.365(5) with WIS. STAT. § 48.368, it is evident that the latter statute is meant only to automatically extend, without a hearing, dispositional orders that on their face would otherwise expire during the pendency of termination of parental rights proceedings. Orders that on their face extend beyond the time frame for any corresponding termination proceedings simply do not expire by operation of § 48.368. See WIS. STAT. § 48.355(4) (dispositional order terminates on latest statutorily specified date unless court shortens applicable time or ends order early, or unless order is extended by operation of § 48.368).[3] Here, Christopher, Jr.'s dispositional order tracks the language of §§ 48.355(4) and 48.365(5), expiring at the latest of one year after the date of the order, when he reaches age eighteen, or when he turns nineteen if he is enrolled in school. It did not expire when the TPR was vacated.

III. Appointing Counsel
¶17 Christopher's final complaint concerns the circuit court's decision not to appoint counsel for him.[4] But "there is no absolute right to the appointment of counsel in civil cases carrying no threat of loss of physical freedom." Joni B. v. State, 202 Wis. 2d 1, 18, 549 N.W.2d 411 (1996).
¶18 Nevertheless, in a case like this, fundamental fairness requires the circuit court be given the discretion to determine on a case-by-case basis whether due process would require counsel's appointment. Id. "A circuit court properly exercises its discretion when it employs a rational thought process based on an examination of the facts and an application of the correct standard of law." Sheboygan County DHHS v. Julie A.B., 2002 WI 95, ¶43, 255 Wis. 2d 170, 648 N.W.2d 402. This court will not disturb such determinations unless the court has erroneously exercised that discretion.
¶19 There are multiple factors a court should consider in determining whether due process requires appointed counsel. State v. Tammy L.D., 2000 WI App 200, ¶19, 238 Wis. 2d 516, 617 N.W.2d 894. To begin with, the court must balance against each other the private interests at stake, the government's interest, and the risk that the procedures used will lead to erroneous results. Id. (citing Joni B., 202 Wis. 2d at 13). Then, the court balances the net weight of these elements against the presumption that there is only a right to counsel when personal freedom is jeopardized. Tammy L.D., 238 Wis. 2d 516, ¶19. The Joni B. court also recommended courts consider, as necessary:
 the personal characteristics of the parent, such as age, mental capacity, education, and former contact with the court;
 the parent's demonstrated level of interest in the proceedings and desire to participate;
 whether the petition alleges incidents of abuse or neglect which could lead to criminal prosecution;
 the complexity of the case, including the likelihood of the introduction of medical or psychological evidence;
 the probability of out-of-home placement and potential duration of separation, based on the allegations in the petition and the social worker's recommendation.
Joni B., 202 Wis. 2d at 19.
¶20 The circuit court's decision here reveals the court adequately considered appropriate factors. It noted that Christopher, Sr.'s liberty was not at stake. The court acknowledged that while participation in the raising of one's child is recognized as an important right, Christopher was unable to meaningfully exercise this right as a result of his incarceration. Although the court did not note the governmental interest in this case, the State shares with Christopher, Sr., "a joint interest in a 'just and accurate outcome where the welfare of a child is concerned.'" See Tammy L.D., 238 Wis. 2d 516, ¶21 (citation omitted). The court stated there was no risk of an erroneous decision because Christopher, Jr., was already adjudicated in need of protection and services based on his father's admissions. The court also noted that Christopher, Sr., "is articulate and capable of expressing himself."
¶21 The court made several other notations, not explicitly spelled out in Joni B., but that case contained "only suggestions, not a checklist etched in stone." Joni B., 202 Wis. 2d at 19. The court's remaining observations were that Christopher had "no legitimate criticism" of his son's placement, other than wanting the child placed with relatives. As the court noted, however, nothing in the file suggested the named relatives were capable of having Christopher, Jr., placed with them, nor had they filed the appropriate petitions to seek custody. The court also noted that Christopher, Sr., has submitted nothing to suggest there would be a better placement for Christopher, Jr., given the boy's behavioral and medical difficulties. The court additionally concluded it could not justify forcing the county to pay for counsel at this stage in the proceedings, particularly when the county also pays for corporation counsel and, at least in this case, a guardian ad litem.
¶22 The court adequately considered a multitude of factors in reaching a decision to deny appointed counsel to Christopher, Sr. None of the factors was an erroneous inclusion, and this court concludes discretion was properly exercised.
By the Court.  Order affirmed.
NOTES
[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2). All references to the Wisconsin Statutes are to the 2003-04 version unless otherwise noted.
[2] In his brief, Christopher notes entry of a revised dispositional order providing psychiatric care and medication to Christopher, Jr. Christopher then writes, "The father objected and has addressed these issues for appellate review in addition to all other issues presented herewith ...." The purpose of this statement is not entirely clear. To the extent it is meant to preserve issues not argued in the brief, issues not briefed are deemed abandoned. Reiman Assocs., Inc. v. R/A Adver., Inc., 102 Wis. 2d 305, 306 n.1, 306 N.W.2d 292 (Ct. App. 1991). To the extent it is an invitation for this court to consider matters beyond those briefed, such as the order to administer medication to Christopher, Jr., this court will not abandon its neutrality to develop arguments, nor will it consider unexplained, underdeveloped arguments. See M.C.I., Inc. v. Elbin, 146 Wis. 2d 239, 244-45, 430 N.W.2d 366 (Ct. App. 1988).
[3] Alternatively, "[w]hen two statutes relate to the same subject matter, the specific statute controls over the general statute." Wieting Funeral Home v. Meridian Mut. Ins. Co., 2004 WI App 218, ¶15, 277 Wis. 2d 274, 690 N.W.2d 442. Both WIS. STAT. § 48.355(4) and WIS. STAT. § 48.368 deal with expiration of dispositional orders, but § 48.355 is much more specific than § 48.368, which operates as a "contingency plan" for orders that might expire at an inopportune time.
[4] Christopher, Sr., had appointed counsel in the earlier proceedings through at least a dispositional hearing on June 5, 2002. His complaint now is the court's decision not to appoint counsel for the 2005 revision and review hearings and subsequent challenges.