COURT OF APPEALS
DECISION
DATED AND FILED

December 4, 2019

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP397**

Cir. Ct. No. **2018SC598**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

---

GEORGIA A. STEIN,

  PLAINTIFF-APPELLANT,

V.

WG MANAGEMENT,

  DEFENDANT-RESPONDENT.

---

APPEAL from an order of the circuit court for Manitowoc County: JERILYN M. DIETZ, Judge. *Affirmed*.

¶1    NEUBAUER, C.J.[1]   Georgia A. Stein appeals from an order denying her motion for summary judgment and granting WG Management's

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version.

motion. The basic issue was what portion, if any, of Stein's security deposit was due her after she terminated her month-to-month tenancy. Because Stein's notice to her landlord, WG, failed to provide the sixty-day notice period required under her written lease, the circuit court properly denied her motion and partially granted WG's. We affirm.[2]

## BACKGROUND

¶2    Beginning December 1, 2016, Stein leased an apartment from WG for $555 a month and an $830 security deposit.[3]  Set to expire on May 31, 2017, the lease then switched to a month-to-month tenancy. The lease required Stein to provide a termination notice sixty days in advance and also prohibited vacating the premises during the months of November through February. If Stein left before the end of the lease, WG could charge an early termination fee of one-half of one month's rent (or $277.50).

¶3    On September 25, 2017, WG notified Stein she had breached the lease by smoking in her apartment. If she did not stop smoking, her tenancy would terminate and she would have five days to vacate. On September 28, and before expiration of the five days, Stein notified WG "of my intent to vacate my unit" and that she would be gone by October 31. She requested her "deposit refund."

---

[2]  We note that there were two orders appealed from. One order, dated January 10, 2018, with the heading "Findings of Fact" explains and sets forth the court's decision, indicating it is a final order for purposes of appeal. Another order dated January 18, 2018, simply changes the heading to "Statements of Facts," with the remainder of the order being the same as the January 10 order. For purposes of this appeal, we deem these documents to consist of one order.

[3]  The *material* facts are not disputed and are taken in large part from the information provided by Stein.

¶4     On October 5, 2017, WG informed Stein that, because of the sixty-day notice requirement, she had a lease obligation through November.  WG noted her agreement not to move out during the months of November through February, advising her that she would be liable for rent through that time if WG was unable to re-rent the unit.

¶5     Stein vacated the premises on or before October 24, 2017.  WG re-rented the unit on December 1, 2017.

¶6     On or about December 14, 2017, WG sent Stein a letter, indicating that her $830 security deposit was being withheld and applied to her past due rent for November ($555) and to the re-rental fee ($277.50).  Stein alleges she did not receive the letter.

¶7     Stein commenced this small claims action against WG, requesting double the amount of her pecuniary losses because WG failed to return her security deposit in a timely manner.  WG counterclaimed, requesting the November rent and an unpaid electric bill of $163.

¶8     A hearing was initially held before a court commissioner, but Stein subsequently sought de novo review in the circuit court, requesting a jury trial. Both parties moved for summary judgment.  After a December 14, 2018 hearing, the circuit court partially granted WG's motion and denied Stein's.  In doing so, the court determined that WG was entitled to $555 for the November rent, but that the remaining $275 of the security deposit, which WG sought to retain, was to be returned to Stein.  Stein appeals.

## DISCUSSION

*Standard of Review for Summary Judgment*

¶9    When reviewing a motion for summary judgment, we use the same procedure, as set forth in WIS. STAT. § 802.08(2), as that of the circuit court. ***Oddsen v. Henry***, 2016 WI App 30, ¶24, 368 Wis. 2d 318, 878 N.W.2d 720. If the moving party has made a prima facie case for summary judgment, we then review the record to determine whether there "exists disputed material facts, or undisputed material facts from which reasonable alternative inferences may be drawn, sufficient to entitle the opposing party to a trial." ***Shister v. Patel***, 2009 WI App 163, ¶9, 322 Wis. 2d 222, 776 N.W.2d 632 (citation omitted). The party opposing the motion may not stop at making mere allegations or denials in the pleadings; rather, a genuine dispute of fact is shown by submitted discovery materials, affidavits, or other statutory means that provide specifics. ***Board of Regents v. Mussallem***, 94 Wis. 2d 657, 673, 289 N.W.2d 801 (1980). If the pleadings, discovery, and affidavits show there are no material facts in dispute and "the moving party is entitled to a judgment as a matter of law," the court shall grant the judgment. Sec. 802.08(2); *see* ***Shister***, 322 Wis. 2d 222, ¶9.

¶10    "Generally, when both parties file cross-motions for summary judgment, it is the equivalent of a stipulation of facts permitting the case to be decided solely on the legal issues presented." ***Carlin Lake Ass'n, Inc. v. Carlin Club Prop., LLC***, 2019 WI App 24, ¶19, 387 Wis. 2d 640, 929 N.W.2d 228; *see* ***Grotelueschen v. American Family Mut. Ins. Co.***, 171 Wis. 2d 437, 446-47, 492 N.W.2d 131 (1992) (when undisputed facts lead to only one reasonable inference, reciprocal motions for summary judgment waive the jury trial right; by filing such

a motion, a party effectively asserts satisfaction that the facts are undisputed and that the court may rule as a matter of law).

*Because the Lease Required Sixty Days Notice to Terminate the Tenancy, Stein's Tenancy Ended on or About November 28, 2017*

¶11    The amount of the security deposit due to Stein depends on when Stein's tenancy ended.  Stein argues, we believe, as follows.[4]  By letter of September 25, 2017, WG advised Stein: "This notice terminates your tenancy and requires you to remove from the premises described in this notice on or before **five days after service** unless you stop smoking in your unit."  Stein argues there is nothing in the lease that prohibits smoking, and WG's letter does not identify any provision in the lease prohibiting smoking.  The record contains no follow-up on the alleged breach, or attempt to dispute, cure or evict.  Nevertheless, Stein argues that the alleged unfounded five-day notice entitles her to terminate her tenancy in accordance with the statute which provides that a month-to-month tenancy may be terminated with at least twenty-eight days notice.  *See* WIS. STAT. § 704.19(2), (3). Thus, she contends, her September 28, 2017 letter to WG, and her vacation by

---

[4] Stein is pro se.  Although we may view legal submissions and arguments made by pro se litigants with some leniency, we will not guide the litigant through the procedural requirements or substantive law, as they must comply with the same rules that apply to attorneys.  ***Waushara Cty. v. Graf***, 166 Wis. 2d 442, 452, 480 N.W.2d 16 (1992).  Stein's approach to prosecuting her claim has been at times hard to manage and hard to follow.  Before the December 14, 2018 motion hearing, Stein submitted a series of filings with various documents amounting to hundreds of pages.  Because Stein was disrespectful and disruptive during the December 14 hearing, the circuit court adjourned the hearing, indicating that it would issue a written decision.  After the decision was issued, Stein filed a motion for a new trial, a motion and brief to amend the court's findings, a second motion and brief to amend findings, and a motion and brief for reconsideration, all of which were denied by the circuit court, including on the ground that the filings were untimely.  On appeal, her forty-three-page brief is largely incoherent, redundant, and lacking in citations to the record and/or to supporting legal authorities.  She does not address the denial of her filings after the circuit court's judgment.

October 24, 2017, complied with the statutory twenty-eight-day notice requirement.

¶12     As did the circuit court, we reject Stein's argument that the sixty-day notice provision in the written lease was somehow nullified by the five-day notice such that the statutory twenty-eight notice period became controlling.  As noted, there was no follow-up on the five-day notice, much less an eviction action.  Thus, it became moot, and Stein's notice became the operative event for purposes of the required notice period.[5]  We find no authority for Stein's argument.  Because she agreed to give sixty days notice in her written lease, her September 28 letter notifying WG that she was terminating her tenancy makes the termination effective on or about November 28.[6]

¶13     Stein's remaining developed argument depends upon the tenancy terminating at the end of October and, therefore, we reject it.[7]  In this regard, Stein asserts that because the tenancy ended in October, WG's December 14, 2017

---

[5]  Had there been an eviction, or had Stein vacated in five days rather than attempt to cure the alleged breach, the landlord would have been entitled to damages pursuant to pursuant to WIS. STAT. § 704.29.  However, there was no eviction, much less a wrongful eviction.  Instead of contesting the alleged breach, Stein gave notice herself.  Nothing about this scenario nullifies her notice or the lease's requirements for her notice.

[6]  Although Stein asserts that "[t]he required 60-day notice in the lease is immaterial," she does not directly challenge the sixty-day requirement itself.  The statute requires notice of at least twenty-eight days.  WIS. STAT. § 704.19(3).  Subsection (2)(a)1. provides that the written notice of termination requirement can be modified if "the parties have agreed expressly upon another method of termination and the parties' agreement is established by clear and convincing proof." Sec. 704.19(2)(a)1.  Neither party challenged the validity of the sixty-day notice provision.

[7]  Stein broadly asserts that the lease was unenforceable because WG did not have a proper and active broker's license.  We reject Stein's argument as it was not raised until after the circuit court's decision, and the consequences of her argument are not fully developed. *See Bleecker v. Cahill*, 2017 WI App 28, ¶15 n.4, 375 Wis. 2d 282, 895 N.W.2d 72 (declining to review issues not fully developed or briefed).

security deposit letter was substantially late, as generally security deposits must be returned within twenty-one days after termination, and failure to do so entitles the tenant to certain damages. As discussed, however, that was not the case. The tenancy ended on or about November 28, making WG's December 14 security deposit letter timely.[8]

*WG is Entitled to the November Rent, but Not the Early Termination Fee*

¶14    WG also moved for summary judgment, requesting November's rent of $555 and a re-rent fee of $277.50 (50% of one month's rent), entitling it to $832.50 in total and therefore justifying its withholding of the security deposit.

¶15    As already discussed, because of the agreed-upon sixty-day notice provision, Stein's tenancy terminated on or about November 28, 2017, making her responsible for the November rent of $555. We conclude the circuit court correctly awarded this amount to WG.

¶16    WG also invoked the early termination fee under the "Non Standard Rental Provisions." Per this provision, WG would be entitled to "50% of one month's rent in the event Lessee departs and either party re-rents the premises

---

[8] Stein disputes that she received the December 14 letter. WG's counsel submitted an affidavit stating that the December 14 letter was timely sent and provided a copy of the letter as an exhibit. A rebuttable presumption exists that mail sent is received. *See **Mullen v. Braatz**,* 179 Wis. 2d 749, 751, 756, 508 N.W.2d 446 (Ct. App. 1993). The circuit court found that there was no dispute on this issue and that, even if there was, it favored WG. The only support for Stein's claim is her statement, "I did not receive a statement of account in the 21 days mandated by law." This statement is self-evidently lacking. It does not deny that Stein received the deposit money, but only that she did not receive a statement of account. Stein does not identify any specific date. Indeed, she does not deny receiving the letter overall, but only that she did not receive it within the twenty-one days required by law, an argument based on the date of her notice, which we have rejected. Based on the foregoing, Stein has failed to rebut the presumption that she received the sent mail.

prior to the agreed lease end date …." The circuit court determined that, even though Stein violated the prohibition of moving out during the winter months, WG was able to re-rent the unit by December 1, such that WG's losses were limited to the November rent, which the court had already awarded. Because WG sustained no losses after December 1, we agree with the circuit court that no early termination fee should be awarded and that Stein is due the remaining $275 of the security deposit.

*By the Court*.—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.